**United States District Court**
**Central District of California**

FILED
CLERK, U.S. DISTRICT COURT
MAY 11, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

| | |
|---|---|
| Allen L. Munro, et al.<br><br>               Plaintiffs,<br><br>    v.<br><br>University of Southern California, et al.<br>               Defendants. | LACV -16-6191-VAP (Ex)<br><br>**Order GRANTING Defendants' Renewed Motion to Stay**<br><br>**(Doc. No. 84)** |

On April 16, 2018, Defendants University of Southern California, USC Retirement Plan Oversight Committee, and Lisa Mazzocco (collectively, "Defendants") filed a Renewed Motion to Stay Proceedings Pending Appeal of Decision on Motion to Compel Arbitration. (Doc. No. 84.) Plaintiffs Corey Clark, Dion Dickman, Sarah Gleason, Allen L. Munro, Steven L. Olson, Jane A. Singleton, Rebecca A. Snyder, Edward E. Vaynman, and Daniel C. Wheeler (collectively, "Plaintiffs") filed their Opposition on April 23, 2018. (Doc. No. 85.) Defendants filed their Reply on April 30, 2018. (Doc. No. 86.)

The Court deemed the Motion suitable for resolution without oral argument pursuant to Local Rule 7-15 and VACATED the hearing originally set for May 14, 2018. (Doc. No. 87.) After consideration of the papers filed in support of, and in opposition to the Motion, the Court GRANTS Defendant's Motion.

1

## I.  BACKGROUND

Plaintiffs all work or have worked at the University of Southern California ("USC") in different capacities and all participate in either the University of Southern California Retirement Savings Program or the University of Southern California Tax-Deferred Annuity Plan (the "Plans").  (Doc. No. 40 ¶¶ 21–29.)  Defendant USC Retirement Plan Oversight Committee is the body responsible for administering and investing the plans' assets, and defendant Lisa Mazzocco is the current chairperson of the committee.  (*Id.* ¶¶ 32–33.)  Plaintiffs have sued Defendants for violating their fiduciary duties under the Employee Retirement Income Security Act ("ERISA").  (*Id.* ¶¶ 1–5, 36–42.)

On December 19, 2016, Defendants brought a motion to compel arbitration based on arbitration agreements Plaintiffs were required to sign upon beginning their employment at USC.  (Doc. No. 47 at 13–14; Doc. No. 48 at 10.)  The Court denied Defendants' motion on March 23, 2017, and Defendants appealed under 9 U.S.C. § 16, which allows interlocutory appeals of orders denying motions to compel arbitration.  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1124 (9th Cir. 2013) ("We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(C), which provides for immediate interlocutory appeal of a district court's denial of a motion to compel arbitration.")

On April 24, 2017, Defendants filed their first Motion seeking to stay this Court's proceedings during the pendency of the appeal.  (Doc. No. 58.)  The Court denied Defendants' Motion on July 7, 2017.  (Doc. No. 67.)  Although the Court determined that Defendants demonstrated that their appeal presents "a substantial case which 'raises serious legal questions,'" the Court was unpersuaded by Defendants' arguments regarding irreparable injury.  (*Id.* at 6-

10.) The Court noted, however, that its analysis of the "irreparable injury" issue was contingent on its finding that Defendants would not suffer an irreparable injury as a result of proceeding with discovery during the appeal. (*Id.* at 10.) The Court recognized that Defendants could have better grounds for arguing an irreparable injury if the appeal was not resolved before the Court's deadlines for summary judgment or as the trial date drew closer. (*Id.*) The Court accordingly granted Defendants permission to bring a renewed motion to stay if the Ninth Circuit did not decide Defendants' appeal at least 30 days prior to the Court's summary judgment motion filing deadline. (*Id.*)

Defendants' renewed Motion to Stay is now before the Court.

## II.   LEGAL STANDARD

When a party files an interlocutory appeal from the denial of a motion to compel arbitration, a stay is "not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The decision to grant a stay "is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* "The moving party has the burden of persuading the court that the circumstances of the case justify a stay." *Cesca Therapeutics Inc. v. SynGen Inc.*, No. 2:14-CV-2085-TLN-KJN, 2017 WL 1174062, at *2 (E.D. Cal. Mar. 30, 2017).

When deciding whether to stay a case pending an interlocutory appeal, courts in the Ninth Circuit consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418 (2009)).

Although the first two factors are most critical, *Nken*, 566 U.S. 418 at 434, courts follow a "sliding scale" approach so that a stronger showing on one element may offset a weaker showing on another, *Leiva-Perez*, 640 F.3d at 964. Under this approach "a moving party who cannot show a strong likelihood of success on the merits may nonetheless be entitled to a stay where she shows that her appeal is a substantial case which 'raises serious legal questions, or has a reasonable probability or fair prospect of success.'" *Cesca Therapeutics Inc.*, 2017 WL 1174062 at *2. "A party meeting this lower threshold is not required to show that it is more likely than not to win on the merits but must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (internal citations omitted); *Ingram Micro Inc. v. Signeo Int'l, Ltd.*, No. SACV 13-1934-DOC ANX, 2014 WL 3721197, at *2 (C.D. Cal. July 22, 2014) ("In the Ninth Circuit, 'the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.'").

### III.   DISCUSSION

Under the scheduling order currently in place, discovery has been bifurcated into a class certification phase and a merits phase, the discovery cutoff on class certification is June 29, 2018, the last day to file a class certification motion is August 6, 2018, and the hearing on the class certification motion is set

for December 17, 2018.  (Doc. No. 78.)  Pursuant to discussions at the November 27, 2017 scheduling conference, the parties stipulated to a schedule for class certification expert designations.  (Doc. No. 82.)  The Court approved the parties' stipulation on February 2, 2018.  (Doc. No. 83.)  No other deadlines have been set at this time.[1]

### A. Defendant's Irreparable Injury

Defendants argue that two recent developments in the case have changed the irreparable injury analysis and therefore justify its renewed Motion: (1) that the Ninth Circuit scheduled oral argument on Defendants' appeal for May 15, 2018 and is likely to issue a decision within 1.1 months of the oral argument based on statistics from the Ninth Circuit's website and that if the Ninth Circuit reverses this Court's ruling, that Defendants will have had to engage in discovery beyond that which would take place in bilateral proceedings; and (2) that Plaintiff's counsel has reserved the right to argue that by proceeding through the class certification phase of the action, Defendants may waive their right to individual arbitration of Plaintiff's claims.  (Doc. No. 84 at 2-3.)  In their Reply brief, Defendants provide concrete examples of the class discovery they would be forced to undertake should the Court not stay this case.  (Doc. No. 86-1)

The Court finds Defendants have satisfied "their threshold showing of individualized and irreparable harm."  *See Cesca Therapeutics*, 2017 WL 1174062 at *4.  The current scheduling order was premised upon the expectation

---

[1] For this reason, the Court rejects Plaintiffs' contention that Defendants' motion is premature.  (Doc. No. 12.)  The Court has yet to set a deadline for filing summary judgment motions, and its previous order contemplated the possibility that circumstances could change such that would provide Defendants with better grounds for a motion to stay.  (Doc. No. 67 at 10-11.)

that the Ninth Circuit would not issue its decision until March 2019 at the earliest. (*See* Doc. No. 70 at 9.)  Thus, upon review of the current scheduling order and in consideration of the updated timeframe from the Ninth Circuit, the Court now departs from its earlier finding that discovery costs to Defendant would not amount to individualized and irreparable harm.  While generally litigation and discovery costs are insufficient to satisfy this requirement, here, Defendants have provided concrete examples of the class discovery that they would undertake should the Court not stay this case (Doc. No. 86-1, Ex. A) – a type of discovery that district courts have frequently observed to be "fundamentally different" than the nature and extent of discovery permissible in private arbitration and is potentially avoidable in arbitration.  *See, e.g.*, *Wuest v. Comcast Cable Commc'ns Mgmt., LLC*, No. 17-04063, 2017 WL 5569819 (N.D. Cal. Nov. 20, 2017); *Kwan v. Clearwire Corp.*, No. 09-1392, 2011 WL 1213176 (W.D. Wash. Mar. 29, 2011); *Kaltwasser v. Cingular Wireless LLC*, No. 07-00411, 2010 WL 2557379 (N.D. Cal. June 21, 2010).  The class discovery, which is tailored to the elements Plaintiffs must satisfy to certify a class, is outside the scope of what the Court previously ruled as discovery that was exclusively focused on the plans' actions and Defendants' fiduciary conduct in relation to the plans and would be relevant in either class proceedings or individual arbitration.  (*See* Doc. No. 86-1, Ex. A.)  As the class certification motion filing deadline is currently set at August 6, 2018, absent a stay from the Court at this time, class discovery would be a costly, time-consuming and potentially unnecessary process for both parties over the next few months.  Given that the Ninth Circuit is expected to decide the class certification issue within the next three months, it is illogical and potentially harmful to proceed with class discovery at this time.

The Court is likewise swayed by Defendants' argument that Plaintiffs have "presented a unique form of irreparable harm" by reserving the right to argue that Defendants may waive their right to pursue individual arbitration.  (*See* Doc. No. 86 at 8.)  In their Reply, Defendants note that absent a stay, "Plaintiffs would tip the delicate balance of discovery sharply in their own favor, as [Defendants] will be forced to choose between either fully participating in Court-ordered class discovery and risking waiver, or else abandoning discovery challenged by Plaintiffs and defending against class certification less vigorously than [they] would if there were finality on the arbitration issue."  (*Id.* at 10.)  Although this Court has stated on the record that Defendants' actions shall not be construed as a waiver of their right to pursue individual arbitration, requiring Defendants to proceed with class discovery without their requested assurance regarding waiver does tip the balance unfairly in Plaintiffs' favor and could likely lead to lengthy discovery disputes.

For these reasons, the Court now concludes that Defendants have shown "an irreparable injury is the more probable or likely outcome."  *Leiva-Perez*, 640 F.3d at 968.  This factor therefore weighs in favor of granting a stay.

**B.      Likelihood of Success on the Merits or Serious Legal Question**

The Court has already determined that Defendants' appeal "presents a substantial case which 'raises serious legal questions.'"  (Doc. No. 76 at 6.)  Defendants now contend that they are likely to succeed on appeal.  (Doc. No. 84 at 20.)

While the Court expresses no opinion on the likelihood that Defendants will succeed on their appeal, in light of the Court's previous finding that Defendants' appeal presents a substantial case on the merits, and its finding that Defendants have now satisfied the irreparable injury requirement, the Court concludes that this factor supports granting a stay in this case. The Court disagrees with Plaintiffs' argument that Defendants must demonstrate a "*strong* showing" that they are likely to succeed on appeal. (Doc. No. 85 at 17.) Rather, under *Leiva-Perez*, the "minimum quantity of likely success necessary to justify a stay" are a "reasonable probability," a "fair prospect," "a substantial case on the merits," or that "serious legal questions are raised." 640 F.3d at 968 (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010), *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)*,* and *Abbassi v. I.N.S.,* 143 F.3d 513, 514 (9th Cir. 1998)). Here, Defendants already made this showing. Accordingly, this factor likewise weighs in favor of granting a stay in this case.

### C. Harm to Plaintiff

Defendants contend that any harm to Plaintiff would be minimal in light of the expected timeframe of the Ninth Circuit's decision. (Doc. No. 84 at 19.)

The Court agrees. Although Plaintiffs have raised some concerns about Defendants not producing certain documents and have alleged that Defendants have not been fully cooperative in discovery (Doc. No. 85 at 15-16), because the Ninth Circuit is likely to issue a decision within a few months that will provide finality and guidance as to the scope of class discovery, the Court finds that Plaintiff will not be substantially harmed by a stay in this case. Discovery in this case has been and will continue to be a contentious process. Staying the case for a decision from the Ninth Circuit will therefore benefit both parties by either

streamlining or providing more explicit guidance as to the extent of discovery. This factors weighs in favor of staying the case.

### D. Public Interest Factors

Defendants argue that the "strong federal policy favoring arbitration and the promotion of judicial efficiency support a stay here." (Doc. No. 84 at 21.) In their opposition, Plaintiffs cite the public policy "of prompt resolution of fiduciary breach actions under ERISA" as counseling against a stay in this case. (Doc. No. 85 at 18.)

The Court finds that "[b]oth parties have raised important public policy considerations." *Cesca Therapeutics*, 2017 WL 1174062, at *6. Thus, this factor is ultimately neutral in the Court's balancing of the *Leiva-Perez* factors.

## IV. CONCLUSION

As three out of the four factors identified in *Leiva-Perez* counsel the Court to exercise its discretion and stay this case, the Court GRANTS Defendants' Renewed Motion to Stay. Proceedings in this matter are hereby stayed until the conclusion of the pending appeal.

**IT IS SO ORDERED.**

Dated: 5/11/18

Virginia A. Phillips
Chief United States District Judge