1  JEROME J. SCHLICHTER (SBN 054513)
   jschlichter@uselaws.com
2  MICHAEL A. WOLFF (admitted *pro hac vice*)
   mwolff@uselaws.com
3  JOEL D. ROHLF(admitted *pro hac vice*)
   jrohlf@uselaws.com
4  VICTORIA C. ST. JEAN (admitted *pro hac vice*)
   vstjean@uselaws.com
5  SCHLICHTER, BOGARD & DENTON
   100 South Fourth Street, Suite 1200
6  St. Louis, MO 63102
   Telephone:  (314) 621-6115
7  Facsimile:  (314) 621-5934
   *Lead Counsel for All Plaintiffs*
8
   Steven M. Goldsobel (SBN 166405)
9  steve@sgoldsobel.com
   Law Offices of Steven Goldsobel, A Professional Corporation
10 1901 Avenue of the Stars, Suite 1750
   Los Angeles, CA 90067
11 Telephone: (310) 552-4848
   Facsimile: (310) 695-3860
12 *Local Counsel for All Plaintiffs*

13               UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
14                    WESTERN DIVISION
15

16 ALLEN MUNRO *et al*.,                  CASE NO. 2:16-cv-06191-VAP-E

17                     *Plaintiffs*,      **PLAINTIFFS' TRIAL BRIEF ON
                                          PLAN LOSSES FOR PLAINTIFFS'
   v.                                     SECOND CLAIM**
18
   UNIVERSITY OF SOUTHERN                 Hon. Virginia A. Phillips
19 CALIFORNIA *et al*.,

20                     *Defendants*.      Trial Date: January 24, 2023
21
22
23
24
25
26
27
28

Table of Contents

BACKGROUND ....................................................................................................... 1

ARGUMENT ........................................................................................................... 3

     I.    Plaintiffs' disclosure of evidence of Plan losses is substantially

          justified and harmless to Defendants. .................................................... 3

     II.   Plaintiffs' evidence demonstrates that the Plans suffered a loss

          under Plaintiffs' second claim even if the Court does not utilize

          it as a damages calculation. ................................................................... 8

CONCLUSION ...................................................................................................... 10

1    Defendants seek to exclude Plaintiffs' calculations of Plan losses based on

2    public SEC filings because the calculations were not disclosed in Plaintiffs' Rule

3    26 disclosures. Defendants' assertions ignore the circumstances of this case— The

4    Court recently excluded Plaintiffs' damages experts, leaving Plaintiffs without a

5    way to show Plan losses. Because the Court has made clear that Plaintiffs' second

6    claim remains viable in the case, Plaintiffs acted in good faith and are substantially

7    justified in disclosing the alternative losses calculations after the Rule 26 deadline.

8    Defendants are not prejudiced by the late disclosure because presentation of the

9    losses calculations at trial will involve only argument by counsel. Additionally,

10   Rule 26 does not preclude Plaintiffs from offering the calculations to show losses

11   to the Plans for purposes of establishing their second claim.

## BACKGROUND

13   Plaintiffs' second claim for trial concerns Defendants' violation of ERISA

14   regarding the investment options included in the subject retirement plans. *See* Doc.

15   334 at 4 (Pla. Claims and Contentions of Fact and Law) (ECF header page).

16   Plaintiffs identified two experts to provide their opinions on prudent alternatives to

17   the Plans' investment options and the losses to the Plans from the

18   underperformance of those options compared to the prudent alternatives. Doc. 308

19   at 9.

20   On November 1, 2022, this Court entered an order excluding the testimony of

21   Plaintiffs' experts John Hare and Edward O'Neal regarding alternative investment

22   options. Doc. 317 at 11–12. In that order, the Court explicitly noted that John Hare

23   could testify "on other topics such as the IPS criteria, whether Defendants' 2010

24   investment options met those criteria, and whether Defendants offered an excessive

25   number of investment options in 2010." *Id.* at 23 n.1. At the status conference on

26   December 13, 2022, Defendants objected to Plaintiffs' plan to present the

27   testimony of their damages experts either conditionally or as an offer of proof and

28   to present their experts' damages testimony based on index funds that already were

1    in the Plans. Dec. 13, 2022 Transcript at 7:14–9:9. Plaintiffs noted that they

2    interpreted the Court's order to apply only to actively managed funds and not index

3    funds. *Id.* at 10:21–11:2. The Court clarified that Plaintiffs' expert Edward O'Neal

4    could not testify on his damages calculation for any fund in any respect. *Id.* 11:3–

5    18. The Court also specified, however, that Plaintiffs' expert John Hare was

6    excluded only as to his opinions on alternative investment options, not his opinions

7    on other issues. *Id.* at 9:10–16.

8        As an alternative method to show Plan losses without expert opinion, Plaintiffs

9    rely on publicly available SEC filings for certain investment options included in

10   the Plans. *See* Joint Exhibit List, Doc. 336 at 41–42, exhibits 795–833. From the

11   SEC filings, Plaintiffs can show the difference in fees of share classes of plan

12   investments and apply that difference to the Plan assets invested in the higher share

13   classes until they were replaced. Exhibit 795 calculates these losses and also

14   provides an approximation of Plan losses based on Plan assets invested in certain

15   Plan investment options and the difference in performance compared to

16   comparable index funds.

17       Plaintiffs disclosed this alternative method in their December 19, 2022 Claims

18   and Contentions of Fact and Law (Doc. 334). That document indicates that

19   "Plaintiffs will prove Plan losses without their experts' testimony by providing

20   record evidence through the Plans' Form 5500 filings with the U.S. Department of

21   Labor, through investment company filings with the U.S. Securities and Exchange

22   Commission, and through evidence admitted at trial." Doc. 334 at 17. Plaintiffs

23   provided Defendants these exhibits on December 21, 2022. Ex. 1.

24       Plaintiffs included all exhibits relevant to their alternative losses calculations in

25   the Joint Exhibit List. Doc. 336 at 41–42, exhibits 795–833. Defendants did not

26   object to these exhibits. *See* Doc. 339-3 at 2.

27       At the January 9, 2023 Pretrial Conference, Defendants objected to Plaintiffs

28   arguing Plan losses based on the evidence because of the Courts' exclusion of their

expert witnesses. Jan. 9, 2023 Transcript at 21:8–23. Plaintiffs explained their intention to argue Plan losses through judicially noticeable evidence and Plaintiffs exhibits 795–833, to which Defendants did not object. *Id.* at 22:21–23:16; *see* Doc. 339-1 at 12:25–27 ("Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below"). Defendants argued that since Plaintiffs referred to their expert reports for the computation of Plan losses under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), they could not present this alternative calculation after the Court excluded Plaintiffs experts from testifying without prejudice to Defendants. Jan. 9, 2023 Transcript at 23:22–24:25, 25:22–26:16. The Court requested briefing on that issue. *Id.* at 25:1–9, 27:7–12.

## ARGUMENT

### I. Plaintiffs' disclosure of evidence of Plan losses is substantially justified and harmless to Defendants.

Rule 37(c) does not require "that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)" and instead "authorizes appropriate sanctions '[i]n addition to or instead of [exclusion].'" *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (alterations in original).[1] Rule 37(c)(1) does not preclude untimely disclosed evidence where the disclosure was either substantially justified or harmless. *Liberty Ins. Corp. v. Brodeur,* 41 F.4th 1185, 1191 (9th Cir. 2022) (holding that the district court "abused its discretion by imposing Rule 37(c)(1) sanctions without considering whether defects in the disclosures were harmless or substantially justified"). Whether late disclosure of evidence is substantially justified or harmless depends on: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3)

---

[1] Defendants' reliance on *Hoffman* neglects the fact that exclusion of evidence is inappropriate under Rule 37 where "the failure to disclose was substantially justified or harmless." *Hoffman v. Contr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

1  the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely

2  disclosing the evidence." *Id.* at 1192. Courts recognize that "evidence preclusion

3  is, or at least can be, a 'harsh' sanction[,]" and where it amounts to the dismissal of

4  a claim, courts must "consider whether the claimed noncompliance involved

5  willfulness, fault, or bad faith" and "the availability of lesser sanctions." *R & R*

6  *Sails, Inc. v. Ins. Co. of the State of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012); *see*

7  *also Merchant*, 993 F.3d at 741 (recognizing that "a district court must consider

8  these two factors as part of its 'harmlessness inquiry'"). The court has

9  "'particularly wide latitude' to admit or exclude evidence under Rule 37(c)(1)."

10  *Salinas v. Cornwell Quality Tools Co.*, No. 5:19-2275-FLA-SPx, 2022 U.S. Dist.

11  LEXIS 203120, at *8 (C.D. Cal. Sep. 29, 2022) (quoting *Yeti by Molly, Ltd. v.*

12  *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

13        Plaintiffs' alternative method for calculating Plan losses could have been a

14  surprise and possibly prejudicial because it was not disclosed until after the Court

15  definitively excluded Plaintiffs' experts from providing their opinion on Plan

16  losses for *any* Plan investment option by *any* method disclosed in their expert

17  reports. However, that prejudice is minimal because it is based on simple

18  mathematical calculations based on publicly available information accessible by

19  Defendants, namely, the difference in expense ratios of different share classes of

20  Plan investment options and yearly performance of certain Plan investments

21  compared to widely used and recognized index funds. *See Brotherston v. Putnam*

22  *Invs., LLC*, 907 F.3d 17, 32, 34 (1st Cir. 2018), *cert. denied*, 140 S. Ct. 911 (2020).

23  The fact that Plaintiffs' calculations are based solely on publicly available

24  documents further limits any prejudice suffered by Defendants. *See Cleveland v.*

25  *Behemoth*, No. 3:19-672, 2022 U.S. Dist. LEXIS 183714, at *15 (S.D. Cal. Oct. 6,

26  2022) (holding that late disclosure of a damages calculation was harmless where

27  the defendant had access to the underlying information); *Maharaj v. Cal. Bank &*

28  *Tr.*, 288 F.R.D. 458, 463 (E.D. Cal. 2013) ("Plaintiff has shown that her failure to

1   disclose that analysis is harmless since the information on which these damages are

2   calculated is already in Defendant's possession."). Further, Defendants'

3   comparison to *Hoffman* is inapposite because the defendants in *Hoffman* did not

4   have access to the untimely disclosed evidence, and the late disclosure was not due

5   to an event outside of plaintiffs' control such as the striking of Plaintiffs' experts.

6   *Hoffman*, 541 F.3d at 1177–78.

7          Moreover, surprise to Defendants is limited because Plaintiffs' alternative

8   losses theory is substantially similar to the theories disclosed in Plaintiffs' initial

9   and supplemental Rule 26 disclosures, and, if anything, understates damages. *See*

10  *Behemoth*, 2022 U.S. Dist. LEXIS 183714, at *4–5 (S.D. Cal. Oct. 6, 2022) ("The

11  purpose of Rules 26's initial disclosures requirement is to enable defendants to

12  understand their potential exposure and make informed decisions as to settlement

13  and discovery."). Plaintiffs' Supplemental Disclosures provide that "[t]he cost to

14  the Plans from using retail instead of institutional shares can be computed by

15  multiplying the difference in fees times the assets in each such fund and

16  compounding at the rate of return of the cheaper share class." Doc. 191-7 at 8. This

17  is the same method Plaintiffs will use to prove share class losses— the only

18  difference is that Plaintiffs will show the difference using certified SEC filings and

19  other admitted evidence rather than an expert. Similarly, Plaintiffs' Supplemental

20  Disclosures provide that "[t]he Plans are estimated to have lost $226 million from

21  the failure of Defendants to remove investment options that underperform their

22  benchmarks in the preceding three-year period, as measured by the performance of

23  the assets invested in that option at year-end in an index fund of its benchmark."

24  *Id.* This is substantially similar to Plaintiffs' alternative losses theory which

25  compares certain funds' performance to a benchmark index fund.

26         Any prejudice claimed by Defendants can be easily cured. Since losses can be

27  argued by counsel based on the evidence, Defendants can eliminate any prejudice

28  by making their own arguments as to why Plaintiffs' calculations are inadequate at

1    trial. Moreover, it is Defendants burden to prove that losses were not caused by

2    their breach or that the calculation of losses should be lower. *See Brotherston*, 907

3    F.3d 17, 39 (1st Cir. 2018) ("[O]nce an ERISA plaintiff has shown a breach of

4    fiduciary duty and loss to the plan, the burden shifts to the fiduciary to prove that

5    such loss was not caused by its breach[.]").

6        Similarly, because the parties' arguments relating to damages can be made on

7    briefing argument by counsel and do not require witness testimony, the evidence

8    will not disrupt the trial.

9        Because the preclusion of Plaintiffs' evidence will result in the dismissal of

10   Plaintiffs' second claim, the Court must make the requisite findings on the final

11   factor, bad faith, as well as the availability of alternative sanctions. *See R & R*

12   *Sails, Inc.*, 673 F.3d at 1247; *see also Brodeur*, 41 F.4th at 1192. As a part of

13   establishing Plaintiff's second claim at trial, Plaintiffs need to present evidence of

14   Plan losses. *See Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th

15   Cir. 2021) (recognizing that loss is a required element of a breach of fiduciary duty

16   claim). Thus, preclusion of Plaintiffs' evidence of loss would have the effect of

17   dismissing Plaintiffs' second claim and is a "particularly harsh" sanction. *See R &*

18   *R Sails, Inc*, 673 F.3d at 1247. Plaintiffs' late disclosure of their alternative Plan

19   losses was neither willful nor in bad faith. Plaintiffs had no choice but to introduce

20   an alternative theory of losses following this Court's order striking Plaintiffs'

21   expert opinions on calculating those losses. *See* Doc. 317 at 11–12. The Court

22   explicitly allowed Plaintiffs' second claim to go forward by permitting expert

23   testimony on the other elements of the claim, including liability. *Id.* at 11, 23 n.1.

24   As indicated in Plaintiffs' Rule 26 disclosures, Plaintiffs originally intended to rely

25   on expert testimony to show plan losses and establish damages. Doc. 191-07 at 7–

26   8. However, because Plaintiffs' experts on losses were excluded, but their second

27   claim remains in the case, Plaintiffs must present alternative evidence of losses.

28   Late disclosure was necessary under the circumstances and was not a willful or bad

1    faith action.

2    Regarding availability of alternative sanctions, there is no prejudice to

3    Defendants, and they did not suggest that an expert is necessary to evaluate

4    Plaintiffs' damages calculations instead of argument by counsel. However, if

5    Defendants had, allowing Defendants' experts to amend their reports and testify

6    regarding Plaintiffs' damages at trial is a more appropriate remedy. This alternative

7    sanction is in line with the standard set by this Court. When Defendants violated

8    Rule 26(a) by untimely disclosing a witness, this Court suggested that it would not

9    preclude the evidence under Rule 37(c) and instead re-opened discovery *sua sponte*

10   for Plaintiffs to depose the witness. Dec. 13, 2022 Transcript 6:7–23. Moreover,

11   courts frequently impose lesser alternative measures under Rule 37 instead of

12   precluding evidence. *See, e.g. Utne v. Home Depot U.S.A., Inc.*, No. 16-1854, 2022

13   U.S. Dist. LEXIS 166019, at *14–15 (N.D. Cal. May 9, 2022) (ordering alternative

14   relief to cure prejudice rather than precluding an untimely disclosure despite

15   previous mischaracterizations of the evidence at issue); *Terry Sonneveldt v. Mazda*

16   *Motor of Am., Inc.,* No. 8:19-1298-JLS-KES, 2022 U.S. Dist. LEXIS 182952, at *5

17   (C.D. Cal. Sep. 19, 2022) (acknowledging that courts treat striking an expert report

18   under Rule 37 as a "harsh sanction"); *Fisher v. Smith,* No. 7-8109, 2009 U.S. Dist.

19   LEXIS 140854, at *25 (C.D. Cal. Mar. 25, 2009) (reopening discovery to allow a

20   deposition to cure prejudice instead of precluding a late-disclosed witness).

21   Precluding Plaintiffs' Plan losses calculations and related exhibits is

22   inappropriate under the circumstances. Plaintiffs' reliance on alternative Plan

23   losses calculations is made in good faith in response to this Court's exclusion of

24   Plaintiffs' experts on losses. There is no prejudice to Defendants, but to the extent

25   they claim otherwise, it can be eliminated by allowing Defendants' experts to

26   address the alternative calculations in their reports and at trial.

27

28

1

**II.**     **Plaintiffs' evidence demonstrates that the Plans suffered a loss under Plaintiffs' second claim even if the Court does not utilize it as a damages calculation.**

In addition to estimating damages, Plaintiffs' Plan losses calculations are offered to demonstrate losses to the Plans, which as discussed above, is a necessary element of a claim of fiduciary breach and distinct from damages. Rule 26(a)(1)(A)(iii) only requires disclosure of any "computation of damages." To the extent the calculations are offered to show Plan losses, Defendants objections pursuant to Rule 26(a)(1)(A)(iii) are inapplicable.

Plaintiffs' calculations based on comparing plan investment options to benchmark index funds are a recognized method of demonstrating loss to the Plans. *See Brotherston*, 907 F.3d at 32, 34 ("[T]o determine whether there was a loss, it is reasonable to compare the actual returns on that portfolio to the returns that would have been generated by a portfolio of benchmark funds or indexes comparable but for the fact that they do not claim to be able to pick winners and losers or charge for doing so."); *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, 563 F. Supp. 3d 678, 688 (E.D. Mich. 2021) ("[P]arties in similar ERISA actions routinely reference these [Morningstar] indexes or expert testimony that cites these indexes[.]"). Plaintiffs' calculations are sufficient to show losses to the Plan to support a finding of fiduciary breach.

Loss and damages "are not interchangeable" under ERISA, and it is reversible error to "conflat[e]" the two. *Sacerdote v. New York Univ.*, 9 F.4th 95, 112 (2d. Cir. 2021).[2] If the Court finds breach and loss, the burden is on Defendants to disprove damages, and it is within the Court's equitable power to fashion a

---

[2] Defendants have misleadingly cited the no loss finding of the district court in *Sacerdote*, *See*, Doc. 265-7 at 11 (describing the no loss finding of district court in *Sacerdote* as "*aff'd*"). The Second Circuit expressly rejected the no loss finding and described it as "effectively misallocat[ing] the burden of proof on damages," inappropriately "conflat[ing] . . . 'loss' with 'damages'", and "puzzl[ing]." *Id.* at 112–13.

- 8 -

PLAINTIFFS' TRIAL BRIEF ON PLAN LOSSES FOR
PLAINTIFFS' SECOND CLAIM

1  different method for calculating damages. *Id.* at 112–13 ("These statements

2  indicate that the district court believed the plaintiffs would, in addition to proving

3  loss, bear the burden of proving the amount of damages. That allocation of the

4  burden was erroneous. Although plaintiffs bear the burden of proving a loss, the

5  burden under ERISA shifts to the defendants to disprove any portion of potential

6  damages by showing that the loss was not caused by the breach of fiduciary

7  duty."). As the Second Circuit explained in *Sacerdote,* when determining damages,

8  "'it makes little sense to have the plaintiff hazard a guess as to what the fiduciary

9  would have done had it not breached its duty in selecting investment vehicles, only

10  to be told [to] guess again'" and "[i]t makes much more sense for the fiduciary to

11  say what it claims it would have done and for the plaintiff to then respond to that."

12  *Id.* at 113 (quoting *Brotherston*, 807 F.3d at 38).

13      Because of the unique structure where defendants bear the burden of disproving

14  damages, Courts recognize that damages determinations are "somewhat arbitrary"

15  and uncertain in the ERISA context, and courts have broad equitable power when

16  determining damages. *Donovan v. Bierwirth*, 754 F.2d 1049, 1058 (2d Cir. 1985);

17  *see also Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1170–

18  71 (9th Cir. 2013) ("[I]t will be enough if the evidence show the extent of the

19  damages as a matter of just and reasonable inference, although the result be only

20  approximate.") (quoting *Story Parchment Co. v. Paterson Parchment Paper Co.*,

21  282 U.S. 555, 563 (1931)) (internal quotation marks omitted). "When precise

22  calculations are impractical, trial courts are permitted significant leeway in

23  calculating a reasonable approximation of the damages suffered." *Cal.*

24  *Ironworkers, Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1047 (9th

25  Cir. 2001) (citing *Sutton v. Earles*, 26 F.3d 903, 918 (9th Cir. 1994)). A court may

26  even set the method for calculating damages and order the parties to provide a

27  calculation that incorporates that method. *Tibble v. Edison Int'l*, No. 2:07-5359-

28  SVW-AGR, Doc. 405 at 78–81 (C.D. Cal. July 8, 2010); *Id.* Doc. 406 (July 28,

2010); *Tussey v. ABB, Inc.*, 850 F.3d 951, 959 (8th Cir. 2017) (explaining that a district court's loss determination "involve[s] resolving the '*method*' of calculating losses, not just their ultimate amount"); *Bierwirth*, 754 F.2d at 1055 (recognizing that the court's "task is to determine what the measure of loss in this case ought to be" after rejecting proposed measures). This is in line with ERISA's goal of "provid[ing] the courts with broad remedies for redressing the interests of participants and beneficiaries[.]" *Bierwirth*, 754 F.2d at 1055.

Therefore, Plaintiffs can offer these alternative calculations to show loss, and the Court can choose to adopt them as damages or order any other damages method that it sees fit to remedy the breach of fiduciary duty. When offered to show loss, the calculations are not a "computation of damages" required to be disclosed under Rule 26(a)(1)(A)(iii).

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court permit Plaintiffs to present evidence regarding the calculations of Plan losses at trial.

Respectfully submitted,

DATED:  Jan. 17, 2023

By: /s/ Michael A. Wolff
Michael A. Wolff *admitted p.h.v.*
SCHLICHTER, BOGARD & DENTON LLP
*Lead Counsel for Plaintiffs*