JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
MICHAEL A. WOLFF (admitted *pro hac vice*)
mwolff@uselaws.com
JOEL D. ROHLF (admitted *pro hac vice*)
jrohlf@uselaws.com
VICTORIA C. ST. JEAN (admitted *pro hac vice*)
vstjean@uselaws.com
SCHLICHTER BOGARD & DENTON, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile:  (314) 621-5934
*Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN MUNRO *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*, <br><br> *Defendants*. | Case No. 2:16-cv-06191-VAP-E <br><br> **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** <br><br> DATE:   March 27, 2023 <br> TIME:   2:00 p.m. <br> Courtroom 6A <br><br> Hon. Virginia A. Phillips |

The parties respectfully file this Motion under Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of a Class Settlement.

1. This action involves claims for alleged breaches of fiduciary duty and prohibited transactions in violation of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq.*, with respect to the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan, a 403(b) plan and 401(a) plan, respectively, sponsored by the University of Southern California.

2. On February 23, 2023, after extensive arm's-length negotiations, the parties entered into the Settlement Agreement, which is attached hereto as Exhibit A. The parties now respectfully request that the Court grant preliminary approval of the Settlement Agreement.

3. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case. Class Counsel believes that preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of all claims as defined in Article 2, Paragraph 38 and Article 8 of the Settlement Agreement, Defendants have agreed to pay a sum of $13,050,000 into a Gross Settlement Fund.

5. The purpose of preliminary approval is to determine whether the proposed settlement is "'within the range of possible judicial approval.'" *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (quoting *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468 (E.D. Cal. 2009)). The Settlement warrants preliminary approval because it: (1) is the result of arm's-length negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. *See id.* at 319; *see also Stevens v. Britax Child Safety Inc.*, No. 20-7373, 2022 U.S. Dist. LEXIS 231850, at *8 (C.D. Cal. Apr. 14, 2022) (same).

6. The Settlement reached between the parties here more than satisfies this standard and is clearly "within the range of possible judicial approval" given the nature of the case and the result reached by the parties. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

7. Plaintiffs also submit to the Court a Memorandum in Support of this Joint Motion for Preliminary Approval, as well as the Declaration of Class Counsel. Defendants are submitting a Memorandum in Support of the Joint Motion.

WHEREFORE, the parties request the following:

- That the Court enter an Order granting preliminary approval of the Settlement Agreement and the Class Notice;

- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the parties' Settlement Agreement; and

- That following the Fairness Hearing, the Court enter an order granting final approval of the parties' Settlement, retaining jurisdiction to enforce the terms of the Settlement Agreement, and otherwise dismissing the Complaint in this action with prejudice.

DATED: February 23, 2023

Respectfully submitted,

By: /s/ Jerome J. Schlichter
Jerome J. Schlichter (SBN 054513)
Michael A. Wolff (admitted *pro hac vice*)
Joel D. Rohlf (admitted *pro hac vice*)
Victoria C. St. Jean (admitted *pro hac vice*)
SCHLICHTER BOGARD & DENTON, LLP

*Class Counsel for All Plaintiffs*

By: /s/ Christopher Chorba
Christopher Chorba (SBN 124666)
cchorba@gibsondunn.com
Heather L. Richardson (SBN 246517)
hrichardson@gibsondunn.com
Jennafer M. Tryck (SBN 291088)
jtryck@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendants*

## ATTESTATION

In accordance with Civil L.R. 5-4.3.4 regarding signatures, I, Jerome J. Schlichter, attest that concurrence in the filing of this document has been obtained by all of its signatories.

/s/ Jerome J. Schlichter
Jerome J. Schlichter