## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants (hereinafter the "Settling Parties").

1.    **Article 1 - Recitals**

1.1    On August 17, 2016, Plaintiffs Allen Munro, Daniel Wheeler, Edward E. Vaynman, Jane Singleton, Sarah Wohlgemuth (neé Gleason) and Rebecca Snyder, individually and as a class of participants and beneficiaries of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan (collectively the "Plans"), filed a complaint in the United States District Court for the Central District of California (Case No. 2:16-06191). Doc. 1. Plaintiffs brought this action alleging that Defendants the University of Southern California, the USC Retirement Plan Oversight Committee, and Liza Mazzocco breached their fiduciary duties and engaged in prohibited transactions under 29 U.S.C. § 1132(a)(2), and seeking equitable relief under 20 U.S.C. § 1132(a)(3). Doc. 1.

1.2    On November 17, 2016, Plaintiffs filed an Amended Complaint adding several claims and adding Dion Dickman, Corey Clark, and Steven Olson as named plaintiffs. Doc. 40. On July 12, 2019, Plaintiffs filed a Second Amended Complaint (the operative complaint) dismissing Edward Vaynman as a plaintiff and adding members of the USC Retirement Oversight Committee as defendants. Doc. 149.

1.3    On August 27, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint. Doc. 175. Plaintiffs' remaining claims alleged Defendants violated 29 U.S.C. § 1104(a)(1)(B) by causing the Plans to pay excessive recordkeeping fees and including imprudent investment options. *Id.* at 8–9. The order also dismissed all individual defendants because plaintiffs "alleged no facts demonstrating their liability," and USC agreed to take responsibility for any liability of indvidual Committee members, leaving USC and the USC Retirement Plan Oversight Committee as the remaining defendants. *Id.* at 11.

1.4    On December 20, 2019, the Court certified this action as a class action under Federal Rule of Civil Procedure 23(b)(1), Doc. 202, appointed Plaintiffs' undersigned attorneys as Class Counsel, appointed Plaintiffs Clark, Dickman, Munro, Olson, Singleton, Snyder, Wheeler, and Wohlgemuth as Class Representatives, and defined the certified class as follows:

> All participants and beneficiaries of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan from August 17, 2010 through the date of judgment, excluding the Defendants.

1.5    The trial of Plaintiffs' remaining claims was scheduled to begin on January 24, 2023. On that morning, the parties reached a tentative settlement of those claims. The terms of the parties' settlement are memorialized in this Settlement Agreement.

Exhibit A

**1.6**     The Settling Parties have concluded that it is desirable that the Class Action be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.7**     Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows.

**2.**     **Article 2 - Definitions**

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 12.19), unless otherwise defined, the following terms have the meanings specified below:

**2.1**     "Active Account" means an individual investment account in either of the Plans with a balance greater than $0 on the last day of the Class Period (December 31, 2022), and that is recordkept by Prudential Insurance Company of America, Fidelity Investments, TIAA-CREF, or the Vanguard Group.

**2.2**     "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class, including but not limited to the reasonable fees of the Plans' recordkeepers or vendors to identify the names and addresses of the Class; (b) related tax expenses of the Settlement Fund (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds pursuant to the Plan of Allocation, including but not limited to the fees of the Plans' recordkeepers associated with implementing this Settlement Agreement, facilitating the distribution of funds pursuant to the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by CAFA. Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.3**     "Alternate Payee" means a person other than a Plan participant or Beneficiary who is entitled to a benefit under the Plans as a result of a Qualified Domestic Relations Order.

**2.4**     "Attorneys' Fees and Costs" means the amount awarded by the Court from the Gross Settlement Amount as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period. Class Counsel agree that they will not seek more than one-third of the Gross Settlement Amount (or $4,350,000), which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, including the pre-litigation investigation period, not to exceed $1,500,000 which also shall be recovered from the Gross Settlement Amount.

2

Exhibit A

**2.5** "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form that is postmarked before the Claims Deadline set by the Court in the Preliminary Order, or electronically submitted online no later than the Claims Deadline, whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6** "Beneficiary" means a person who currently is entitled to receive a benefit under the Plans upon the death of a Plan participant, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

**2.7** "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.8** "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.9** "Class" means the class certified by the Court but modified to include an end date: All participants and beneficiaries of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan from August 17, 2010 through December 31, 2022, excluding the members of the Retirement Plan Oversight Committee.

**2.10** "Class Action" means *Munro v. University of Southern California*, No. 2:16-06191 in the United States District Court for the Central District of California.

**2.11** "Class Counsel" means Schlichter Bogard & Denton LLP, 100 South Fourth Street, Suite 1200, St. Louis, Missouri, 63102.

**2.12** "Class Members" means all individuals in the Class.

**2.13** "Class Period" means the period from August 17, 2010 through December 31, 2022.

**2.14** "Class Representatives" means Corey Clark, Dion Dickman, Allen Munro, Steven Olson, Jane Singleton, Rebecca Snyder, Daniel Wheeler, and Sarah Wohlgemuth.

**2.15** "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $25,000 for each Class Representative, which shall be paid from the Gross Settlement Amount.

**2.16** "Court" means the United States District Court for the Central District of California.

**2.17** "Current Participant" means a member of the Class who participated in the Plans during the Class Period and has an Active Account.

**2.18** "Defendants" means the University of Southen California and the USC Retirement Plan Oversight Committee.

Exhibit A

**2.19** "Defense Counsel" means counsel for Defendants, including Christopher Chorba, Heather Richardson, and Jennafer Tryck, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071.

**2.20** "Escrow Agent" means an entity as agreed to by the Settling Parties to manage the escrow account for the settlement.

**2.21** "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from the Class to the Settlement Agreement, (b) Class Counsel's Motion for Attorneys' Fees and Costs and Class Representatives' Compensation, and (c) whether to finally approve the Settlement under Federal Rule of Civil Procedure 23.

**2.22** "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5.

**2.23** "Final" means with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Order becomes Final is thirty (30) calendar days after its entry.

**2.24** "Former Participant" means a member of the Class who does not have an Active Account, but who during the Class Period, had an individual investment account in either of the Plans with a balance greater than $0 that was recordkept by Prudential Insurance Company of America, Fidelity Investments, TIAA-CREF, or the Vanguard Group.

**2.25** "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.26** "Gross Settlement Amount" means the sum of thirteen million fifty thousand dollars ($13,050,000) contributed to the Qualified Settlement Fund pursuant to Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Class, Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement.

**2.27** "Independent Fiduciary" means an independent fiduciary, who will serve as a fiduciary to the Plans in accordance with Article 3 and who currently has no relationship to or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

Exhibit A

**2.28**   "Mediator" means Robert Meyer or, if he is unavailable, another mediator mutually agreed upon by the Settling Parties.

**2.29**   "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel or Other Counsel as authorized by the Court; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid; (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period; and (3) an amount estimated for adjustments of data or calculation errors.

**2.30**   "Plaintiffs" means the Class Representatives and the Class Members.

**2.31**   "Plans" or "Plan" means the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan.

**2.32**   "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 below.

**2.33**   "Plan Fiduciary" means the current named fiduciary for administration of the Plan in the Plan document or its delegate.

**2.34**   "Plan Sponsor" means the University of Southern California.

**2.35**   "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.36**   "Protective Order" means the Protective Order entered by the Court on August 11, 2017 (Doc. 72).

**2.37**   "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 hereof and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.38**   "Released Parties," "Releasing Parties," and "Released Claims" shall have the meaning defined in Article 8.

**2.39**   "Settlement" refers to the agreement embodied in this Settlement Agreement and its Exhibits and pursuant to the Final Order.

**2.40**   "Settlement Administrator" means an independent contractor to be retained by Class Counsel.

Exhibit A

**2.41**   "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.42**   "Settlement Effective Date" means the date on which the Final Order has become Final, provided that by such date the Settlement has not been terminated pursuant to Article 11.

**2.43**   "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition(s) of Class Counsel and/or Other Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution pursuant to the Plan of Allocation.

**2.44**   "Settlement Period" means the period of time that begins on the Settlement Effective Date and ends three years after the Settlement Effective Date.

**2.45**   "Settlement Website" means the Internet site established pursuant to Paragraph 12.3.

**2.46**   "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves and each of the Class Members.

**2.47**   "Zero Account Balance Current Participant" means a Current Participant with an individual investment account in the Plans with a balance equal to or less than $0 as of the date the Settlement Administrator provides the Current Participant information to the Plans' recordkeepers in accordance with Paragraph 6.4.1.

**3.**   **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1**   The Independent Fiduciary, agreed to by Class Counsel and Defendants, and retained by the Plan Fiduciary on behalf of the Plans, will determine independently whether to approve and authorize the settlement of Released Claims on behalf of the Plans.

**3.1.1**   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of the Plan Fiduciary's reliance on PTE 2003-39.

Exhibit A

**3.1.2**   All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.1.3**   The Plan Fiduciary, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review the Settlement Agreement.  The Independent Fiduciary shall notify the Plan Fiduciary of its determination in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.4**   Within fifteen (15) business days of receipt of the notification from the Independent Fiduciary, the Plan Fiduciary shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by the PTE 2003-39, and (c) notify Class Counsel and Defense Counsel in writing of its conclusion in that regard.

**3.2**   The Settling Parties shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and for entry of the Proposed Order Granting Preliminary Approval of Settlement in substantially the form attached as Exhibit 2.  The Proposed Order to be presented to the Court shall, among other things:

**3.2.1**   Approve the text of the Settlement Notice, to be provided to Class Members identified by the Settlement Administrator, and the Former Participant Claim Form, to be provided to Former Participants, to notify them of the Fairness Hearing and that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed notice;

**3.2.2**   Cause the Settlement Administrator to send by electronic means or first class mail the Settlement Notice to each Class Member identified by the Settlement Administrator and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the data provided by the Plans' recordkeepers;

**3.2.3**   Determine under Federal Rule of Civil Procedure 23(e), that the Settlement Notices constitute reasonable and appropriate notice under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law;

**3.2.4**   Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or

Exhibit A

in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plans;

**3.2.5**   Set the Fairness Hearing for a date no sooner than one hundred twenty (120) calendar days after the date the Motion for Preliminary Approval is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application(s) for Attorneys' Fees and Costs, Class Representatives' Compensation, and Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

**3.2.6**   Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days before the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear at least thirty (30) calendar days before the scheduled Fairness Hearing;

**3.2.7**   Provide that the Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector;

**3.2.8**   Provide that any party may file a response to an objection by a Class Member at least five (5) calendar days before the Fairness Hearing;

**3.2.9**   Set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which a Former Participant Claim Form must be postmarked for delivery to the Settlement Administrator in order to be considered for a distribution pursuant to the Plan of Allocation;

**3.2.10**   Provide that the Fairness Hearing may, without further direct notice to the Class, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

**3.2.11**   Approve the form of the CAFA Notices attached as Exhibit 6 and order that upon the mailing of the CAFA notices, Defendants shall have fulfilled their obligations under CAFA.

**3.3**   Defense Counsel, in coordination with the Plan Fiduciary, shall use its best efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine

Exhibit A

the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plans' recordkeepers, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

3.3.1   The Settlement Administrator shall be bound by the Protective Order entered in this case (Doc. 72) and any further non-disclosure or claim security protocol required by the Settling Parties.

3.3.2   The Settlement Administrator shall use the data provided in response to its requests for readily accessible data solely for the purpose of meeting its obligations as Settlement Administrator and for no other purpose.

3.3.3   The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided under Paragraph 3.3 to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

3.4   By the date and in the manner set by the Court in the Proposed Order or at least 60 days prior to the date of the Final Fairness Hearing, and unless otherwise set forth below, the Settlement Administrator shall:

3.4.1   Cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Settling Parties and the Court.  The Settlement Notice shall be sent by electronic means, to the last known e-mail address of each Class Member provided by the Plan Fiduciary. If there is no e-mail address on file or if it is returned as undeliverable, the Settlement Administrator will send the same notice by first-class mail, postage prepaid, to the physical address on file. Should the first-class mailing be returned, the Settlement Administrator will use its best efforts to verify the last known addresses provided by the Plan Fiduciary. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time. Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website.

3.4.2   Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed or sent by electronic means to the Former Participants.

3.4.3   Prepare and provide CAFA notices to the Attorney General of the United States, the Secretary of the Department of Labor, and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715, within

Exhibit A

ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Order. Subject to Court approval, the costs of such notice shall be paid from the Qualified Settlement Fund and shall be considered Administrative Expenses.

**4.      Article 4 – Final Settlement Approval**

4.1      No later than ten (10) business days before the Fairness Hearing, Class Counsel and Defense Counsel shall submit to the Court a mutually agreed upon motion for entry of the Proposed Final Approval Order and Judgment (Exhibit 5), which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed by the Settling Parties shall provide for the following, among other things as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

   4.1.1      Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plans and the Class, and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

   4.1.2      A determination under Federal Rule of Civil Procedure 23(e) that the Settlement Notice constitutes reasonable and appropriate notice under the circumstances, and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

   4.1.3      Except for retention of jurisdiction to enforce the terms of the Settlement Agreement, dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class, or derivatively to secure relief for the Plans, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

   4.1.4      That each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and the Released Parties from all Released Claims, and (b) barred from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by

10

Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5**   That each Class Member releases Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plans for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.6**   That all applicable CAFA requirements have been satisfied;

**4.1.7**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court;

**4.1.8**   That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

**4.1.9**   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Fiduciary pursuant to the applicable law and governing Plan terms;

**4.1.10**   That the Plan Fiduciary shall not have any liability with respect to any questions it resolves regarding distributions beyond that provided for in applicable law and governing Plan terms; and

**4.1.11**   That within three (3) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2**   The Final Order shall provide that upon its entry all Class Members and the Plans shall be bound by the Settlement Agreement and by the Final Order.

**5.**   **Article 5 – Establishment of Qualified Settlement Fund**

**5.1**   No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and agree to treat the escrow account at all times as, an interest-bearing "qualified settlement fund" for U.S. federal income tax purposes within the meaning of Treas. Reg. § 1.468B-1(a) (the Qualified Settlement Fund or

11

Exhibit A

Settlement Fund defined in Paragraph 2.37, above).  The Settling Parties, the
Settlement Administrator, and the Escrow Agent shall take any action reasonably
necessary to ensure that the Qualified Settlement Fund satisfies the requirements of
Treas. Reg. §§ 1.468B-1 through 1.468B-5.  In addition, the Escrow Agent and
Defendants shall timely and jointly make such elections as necessary or advisable to
carry out the provisions of this Paragraph 5.1, including the "relation-back election"
(as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such
elections shall be made in compliance with the procedures and requirements contained
in such regulations. It shall be the responsibility of the Escrow Agent to prepare and
deliver, in a timely and proper manner, the necessary documentation for signature by
all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the
        regulations promulgated thereunder, the "administrator" of the Qualified Settlement
        Fund shall be the Escrow Agent. The Escrow Agent shall timely and properly cause to
        be filed all informational and other tax returns, reports, statements and/or forms
        necessary or advisable with respect to the Qualified Settlement Fund (including
        without limitation applying for a Taxpayer Identification Number for the Qualified
        Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k) and, to
        the extent applicable, Treas. Reg. § 1.468B-2(1)). Such returns, reports, statements
        and/or forms, including the election described in Paragraph 5.1 shall be consistent with
        this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3
        below) (including any estimated taxes, interest, or penalties) on the income earned by
        the Qualified Settlement Fund, including in respect of the Gross Settlement Amount,
        shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph
        5.3 hereof.

5.3     Taxes and tax expenses are Administrative Expenses to be deducted and paid from the
        Gross Settlement Amount, including but not limited to:  (1) all taxes (including any
        estimated taxes, interest, or penalties) arising with respect to the income earned by the
        Gross Settlement Amount, including any taxes or tax detriments that may be imposed
        upon Defendants or Defense Counsel with respect to any income earned by the Gross
        Settlement Amount for any period during which the Gross Settlement Amount does
        not qualify as a "qualified settlement fund" for federal or state income tax purposes,
        and (2) all tax expenses and costs incurred in connection with the operation and
        implementation of this Article 5 (including, without limitation, expenses of tax
        attorneys and/or accountants and mailing and distribution costs and expenses relating
        to filing (or failing to file) the returns described in this Article 5). Such taxes and tax
        expenses shall be Administrative Expenses and shall be paid timely by the Escrow
        Agent out of the Gross Settlement Amount without prior order from the Court. The
        Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to
        withhold from distribution to any Class Member any funds necessary to pay such
        amounts, including the establishment of adequate reserves for any taxes and tax
        expenses (as well as any amounts that may be required to be withheld under Treas.
        Reg. §1.468B-2(1)(2)); neither Released Parties, Defense Counsel, nor Class Counsel
        are responsible nor shall they have any liability therefor.  Any amount deducted or
        withheld in accordance with this Paragraph 5.3 shall be treated as having been paid to

the person in respect of whom such deduction or withholding was made.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their advisors to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4     Within fifteen (15) business days or thirty (30) calendar days, to be determined by the Court or later agreement by the parties, after (a) the Preliminary Order is entered, or (b) the escrow account described in Paragraph 5.1 is established, whichever occurs later, Defendants, or their representatives or insurers, will deposit one million dollars ($1,000,000) into the Qualified Settlement Fund (the "Initial Funding"), provided, however, that Defendants, and their representatives or insurers, shall not be obligated to deposit the Initial Funding until the Escrow Agent provides to Defendants the escrow account name, a properly completed IRS W-9 Form, and all necessary wiring instructions.

5.5     Within fifteen (15) business days or thirty (30) calendar days, to be determined by the Court or later agreement by the parties, after the Final Order is entered, Defendants, or their representatives or insurers, will deposit twelve million fifty thousand dollars ($12,050,000) into the Qualified Settlement Fund (the "Final Funding"), provided, however that Defendants, and their representatives or insurers, shall not be obligated to deposit the Final Funding until the Escrow Agent provides to Defendants the escrow account name, a properly completed IRS W-9 Form, and all necessary wiring instructions.

5.6     The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Qualified Settlement Fund shall be borne by the Qualified Settlement Fund.

5.7     The Qualified Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the Qualified Settlemetn Fund shall be distributed, and the Escrow Agent shall not disburse the Qualified Settlement Fund or any portion thereof except as provided in this Settlement Agreement, in an order of the Court, or a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.8     Within one-hundred twenty (120) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel within five (5) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within five (5) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within five (5) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an

Exhibit A

amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed pursuant to the Plan of Allocation with best efforts of the Settlement Administrator to do so as quickly as possible, and at the latest, within one-hundred twenty (120) calendar days after the Settlement Effective Date. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, such account shall be held by the Escrow Agent.

5.9     The Escrow Agent shall be solely responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting and withholding obligations, if any, for amounts distributed from it. Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.10    No later than February 15 of the year following the calendar year in which Defendants, their insurers, or representatives make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, Defendants, their insurers, or representatives shall timely furnish a statement to the Escrow that complies with Treas. Reg. §1.468B-3(e)(2), which may be a combined statement under Treas. Reg. §1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax returns filed for the taxable year in which Defendants, their insurers, or representatives make a transfer to the Qualified Settlement Fund.

## 6.      Article 6 – Plan of Allocation

6.1     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and to the Plans for allocation to the accounts of Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2     To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant, an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person.

6.2.1    Current Participants shall receive their settlement payments as either contributions to their account(s) in the Plans or by check, as provided in Paragraphs 6.4 and 6.5 below.

6.2.2    Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.5 below.

Exhibit A

**6.2.3** Beneficiaries shall receive payments by check in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees shall receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the terms of the applicable Qualified Domestic Relations Order. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.3** **Calculation of Settlement Payments.** Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator in accordance with the Plan of Allocation as follows:

**6.3.1** Defendants and Defense Counsel shall provide the Settlement Administrator quarter-ending account balances for each Class Member with accounts recordkept by TIAA, Prudential, Fidelity, or Vanguard during the Class Period, as well as data reflecting the allocation of new contributions among the Plans' recordkeepers for each Current Participant as of December 31, 2022 and such other information as the Settlement Administrator requires to effect this Plan of Allocation. Defendants agree to provide the necessary approvals authorizing transmission of such information to the Settlement Administrator.

**6.3.2** Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator as follows:

1. The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;

2. All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

3. An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan or took a full distribution during the quarter);

4. For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;

5. Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

**6.3.3** No amount shall be distributed to an Authorized Former Participant or Zero Account Balance Current Participant that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value.

15

Exhibit A

All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.13.

6.3.4     The Settlement Administrator shall determine the total settlement payment available to each Current Participant and Authorized Former Participant by calculating each such participant's share of the Net Settlement as set forth above.

6.3.5     The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date.

6.3.6     The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Current Participants and Authorized Former Participants under Paragraphs 6.5, 6.6, and 6.7 of the Settlement Agreement; and (b) instructing the Plans as to the amounts to be distributed to the Current Participants under Paragraph 6.4 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Active Account(s) to fulfill this instruction.

6.3.7     The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plans are instructed to make to Current Participants may not exceed the Net Settlement Amount. Nothing in this Paragraph is intended to modify the requirements of Paragraph 6.8 below. If the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

6.3.8     The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

6.4     **Payments to Current Participants.** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

6.4.1     Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide notice to Defendants and send to each of the Plans' recordkeepers an Excel spreadsheet containing the name, Social Security number, and the amount of the settlement payment to be made by that recordkeeper into the Active Account(s) for each Current Participant.

6.4.2     Within five (5) business days after the Settlement Administrator provides the Current Participant information detailed in Paragraph 6.4.1 to each of the Plans' recordkeepers, the recordkeepers will provide the Settlement Administrator a list

16

of which Current Participants (if any) is a Zero Account Balance Current Participant.

6.4.3   Thereafter, within ten (10) business days' written notice to Defendants (or its designee) as provided in Paragraph 6.4.1, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to each of the Plans' recordkeepers of the aggregate amount of all settlement payments payable to Current Participants with that recordkeeper, as reflected in the spreadsheets provided by the Settlement Administrator, less the amount of all settlement payments payable to Zero Account Balance Current Participants.

6.4.4   Defendants (or their designee) shall direct the Plans' recordkeepers to credit the individual Active Account(s) of each Current Participant who is not a Zero Account Balance Current Participant in an amount equal to that stated on the spreadsheets provided by the Settlement Administrator in relation to such Current Participant.

6.4.5   The settlement payment for each Current Participant who is not a Zero Account Balance Current Participant with each recordkeeper will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions with that recordkeeper.  If there is no investment election for new contributions on file for any Current Participant who is not a Zero Account Balance Current Participant with a recordkeeper, then such Current Participant shall be deemed to have directed such payment to be invested in the relevant Plan's "Qualified Default Investment Alternative" as defined in 29 C.F.R. § 2550.404c-5.

6.4.6   The Plans' recordkeepers shall process all Plan of Allocation transactions for Current Participants who are not Zero Account Balance Current Participants within thirty (30) calendar days of receiving direction from Defendants (or its designee) for any such Current Participant.

6.5   **Payments to Zero Account Balance Current Participants**. For each Zero Account Balance Current Participant, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Zero Account Balance Current Participant then on file. Zero Account Balance Current Participants need not complete a Former Participant Claim Form. The checks shall be issued within the same timing as Paragraph 5.8.

6.5.1   For each check issued, the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Current Participant.

6.6   **Payments to Authorized Former Participants.** The Former Participant Claim Form shall advise the Authorized Former Participant that any distribution in accordance with

Exhibit A

the Settlement may be rollover eligible and of their right to rollover such an amount. If the Authorized Former Participant elects to treat the Settlement Distribution as a rollover, the Settlement Administrator shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Authorized Former Participants or the Current Participants.

6.7     For each Authorized Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

6.7.1     For each check issued, the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Authorized Former Participants.

6.7.2     The Settlement Administrator shall advise the Authorized Former Participant that any distribution in accordance with the Settlement is rollover eligible and of their right to rollover such an amount and shall follow proper rollover instructions provided by the Authorized Former Participant.

6.8     This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed or electronic notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the Court approves the modification.

6.8.1     The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

6.9     Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and Defendants one or more affidavits stating the following: (a) the name of each Class

Exhibit A

Member to whom the Settlement Administrator sent the Settlement Notice or the
Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon
which the Settlement Administrator sent the Settlement Notice or the Former
Participant Claim Form; (c) the name of each Class Member whose Settlement Notice
or Former Participant Claim Form was returned as undeliverable; (d) the efforts made
by the Settlement Administrator to find the correct address and to deliver the
Settlement Notice or Former Participant Claim Form for each such Class Member; and
(e) the name of each Class Member to whom the Settlement Administrator made a
distribution from the Net Settlement Amount, together with the amount of the
distribution, the name of the payee, the date of distribution, the amount of tax
withholdings, if applicable, and the date of remittance of tax withholdings to the
appropriate tax authority, if applicable.  These affidavits and the accompanying
information shall be considered "Confidential" under the terms of the Protective
Order.

6.10    The Settling Parties acknowledge that any payments to Class Members or their
attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class
Counsel, and Class Representatives will provide no tax advice to the Class Members
and make no representation regarding the tax consequences of any of the settlement
payments described in this Settlement Agreement. To the extent that any portion of
any settlement payment is subject to income or other tax, the recipient of the payment
shall be responsible for payment of such tax. Deductions will be made, and reporting
will be performed by the Settlement Administrator, as required by law in respect of all
payments made under the Settlement Agreement. Payments from the Qualified
Settlement Fund shall not be treated as wages by the Settling Parties.

6.11    Each Class Member, Beneficiary, or Alternate Payee who receives a payment under
this Settlement Agreement shall be fully and ultimately responsible for payment of any
and all federal, state, or local taxes resulting from or attributable to the payment
received by such person. Each such Class Member, Beneficiary, or Alternate Payee
shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement
Administrator harmless from any tax liability, including penalties and interest, related
in any way to payments under the Settlement Agreement, and shall hold the Released
Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless
from the costs (including, for example, attorneys' fees and disbursements) of any
proceedings (including, for example, investigation and suit), related to such tax
liability.

6.12    All checks issued in accordance with this Plan of Allocation shall expire no later than
one hundred twenty (120) calendar days after their issue date. All checks that are
undelivered or are not cashed before their expiration date shall revert to the Qualified
Settlement Fund.

6.13    No sooner than thirty (30) calendar days following the end of the Settlement Period,
any Net Settlement Amount remaining in the Qualified Settlement Fund after
distributions, including costs, taxes and interest-earned on the Qualified Settlement
Fund, shall be paid to the Plans for the purpose of defraying administrative fees and

Exhibit A

expenses of the Plans that would otherwise be charged to the Plans' participants. In no event shall any part of the Settlement Fund be used to reimburse Defendants or otherwise offset settlement related costs incurred by Defendants. Once payment is complete, Notice will be sent to Class Counsel and Defense Counsel according to Paragraph 12.22.

**7.      Article 7 – Attorneys' Fees and Costs**

7.1      Class Counsel intends to seek to recover their attorneys' fees, with the amount sought not to exceed $4,350,000.  Class counsel also intends to seek litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, with the amount sought not to exceed $1,500,000, which amounts Class Counsel shall seek to be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $25,000 per Class Representative.

7.2      Class Counsel will file a motion for an award of Attorneys' Fees and Costs, as well as any requests for Class Representatives' Compensation, at least thirty (30) days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

**8.      Article 8 – Release and Covenant Not to Sue**

8.1      Upon the effective date of the Settlement Agreement, Plaintiffs, all Class Members (and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf), and the Plan ("Releasing Parties") (subject to Independent Fiduciary approval as required by Paragraph 3.1) shall be deemed to have, and by operation of the final approval order and final judgment in this Action shall have, fully, finally and forever released, relinquished, and discharged any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the Notice Date by all of the Releasing Parties that are based on the facts alleged in the Operative Complaint in the Action ("Released Claims") or that would be barred by the principles of res judicata or collateral estoppel had the claims been asserted in the Operative Complaint against Defendants as well as all Defendants' current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individual entities acting on Defendants' behalf ("Released Parties").  "Released Claims" specifically excludes claims of individual denial of benefits under ERISA § 502(a)(1)(B) other than claims for benefits under the Plan prior to or during the

Exhibit A

Class Period, as well as wages, labor, or employment claims based on the facts alleged in the operative complaint in the Action.

**8.2** The Released Claims shall be construed as broadly as possible to effect complete finality over this Action.

**8.3** After entering into this Settlement Agreement, the Parties may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement Agreement.  The Released Claims include known and unknown claims based on the facts alleged in the Operative Complaint in the Action or that would be barred by the principles of res judicata or collateral estoppel had the claims been asserted in the Operative Complaint, including all rights of allocation thereunder.  Plaintiffs, the Class Members, and the Plan, hereby expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In connection with such waiver and relinquishment, Plaintiffs, the Class Members, and the Plan hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.

**8.4** In furtherance of such intention, the Release herein given by Plaintiffs, the Class Members, and the Plan to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Plaintiffs acknowledge, and the Class Members and the Plan shall be deemed by operation of the Final Judgment to have acknowledged, that they have been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, hereby expressly waive whatever benefits he/she/it may have had pursuant to such section.  Plaintiffs acknowledge, and the Class Members and the Plan shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

Exhibit A

**8.5**      Upon the Effective Date:  (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Plaintiffs, Class Members, and the Plan; and (b) Plaintiffs, the Class Members, and the Plan stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.  The Court's failure or refusal to enter the requested injunction is not grounds to terminate the settlement or otherwise alter any term of the settlement.

**9.**      **Article 9 – Representations and Warranties**

**9.1**      The Settling Parties represent:

**9.1.1**      That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2**      That they assume the risk of mistake as to facts or law;

**9.1.3**      That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**      That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5**      That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2**      Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**10.**      **Article 10 – Additional Terms**

**10.1**      The Settlement Period will extend for three years from the Settlement Effective Date during which Defendants will comply with the terms set forth herein.

**10.2**      USC will instruct the then-current recordkeeper(s) of the Plans in writing within sixty (60) calendar days of the Settlement Effective Date that, in performing contracted recordkeeping services with respect to the Plans, the recordkeeper shall not use information received as a result of providing the contracted services to the Plans and/or the Plans' participants, to solicit the Plans' current participants for the purpose

22

Exhibit A

of cross-selling non-Plan products and services, including but not limited to, Individual Retirement Accounts, non-Plan managed account services, life or disability insurance, investment products, and wealth management services, unless in response to a request by a Plan participant. Nothing in this provision shall preclude USC from authorizing a Plan vendor to provide retirement planning services related to the participant's investments within the Plans and other assets identified by the participant;

10.3   Within one-hundred and eighty (180) days of the Settlement Effective Date, USC will conduct a request for proposals for recordkeeping and administrative services, to be managed by its investment consultant. The requests for proposals shall be made to at least three qualified service providers for administrative and recordkeeping services for the Plans, each of which should have experience providing recordkeeping and administrative services to plans of similar size and complexity. The requests for proposals shall request that the service providers respond on the basis of different alternative recordkeeping structures, including (but need not be limited to) that of a single recordkeeping structure. The requests for proposals shall request that any proposal provided by a service provider for recordkeeping services to the Plans include (but need not be limited to) an expression of fees in a manner that is not based on a percentage of the Plans' assets but on a total fixed fee and on a per-participant basis. Proposals regarding additional services beyond recordkeeping and administrative services need not be included within the responses to the requests for proposals described above. USC will agree to provide notice to Class Counsel of its decision resulting from the requests for proposals with 30 days of that decision. If USC maintains the current three recordkeeper structure, it shall ask for each current recordkeeper to provide a per-participant fee or fee cap to evaluate against any asset-based fee arrangement;

10.4   USC will continue to provide annual training to the Plans' fiduciaries regarding their fiduciary duties under ERISA;

10.5   USC will continue using a qualified investment consultant; and

10.6   The USC Retirement Plan Oversight Committee will continue to meet consistent with the terms established in the Retirement Plan Oversight Committee Charter dated March 2, 2016.

11.   **Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

11.1   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

11.1.1   Pursuant to Paragraph 3.1, (a) the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or (b) the Plan Fiduciaries reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-

23

Exhibit A

39; and in the case of (a) or (b), (c) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39 such that (a) and (b) no longer apply;

**11.1.2**   The Preliminary Order and the Final Order are not entered by the Court in substantially the same form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

**11.1.3**   This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

**11.1.4**   The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

**11.2**   If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned first to each insurer which contributed funds to the settlement, in the amount of its contribution and the accrued interest thereon, and then to Defendants or their representatives to the extent of any remaining amount not contributed by the insurers, within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

**11.3**   It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request(s) for Attorneys' Fees and Costs and/or Class Representatives' Compensation.

**11.4**   In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund, to the extent not otherwise distributed pursuant to Paragraph 11.2. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants, on the other hand.

**12.**   **Article 12 – General Provisions**

**12.1**   The Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Independent Fiduciary, the Settling Parties' tax and accounting advisors, and for purposes of recovery of insurance, provided in each case that they secure written agreements with such persons or entities that such information shall not be further disclosed.

24

Exhibit A

**12.2**   The Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential the terms of the Settlement Agreement until the filing of the motion for preliminary approval of the Settlement Agreement, as discussed in Paragraph 3.2.  This provision shall not be construed to prohibit Class Counsel or Defense Counsel from discussing the terms of the Settlement Agreement with the Settlement Administrator or Independent Fiduciary (or a potential independent fiduciary) prior to the date on which the motion for preliminary approval is filed.

**12.3**   The Settlement Administrator shall establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website no later than one year after the Settlement Effective Date or thirty (30) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.9, whichever is earlier.

**12.4**   The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement at least five (5) business days in advance of filing.

**12.5**   This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants or any Released Party of any wrongdoing, fault, or liability whatsoever of Defendants or any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendants expressly deny and disclaim any such wrongdoing, fault, or liability, and deny each and every claim asserted in the Class Action.  Defendants contend that the Plans have been managed, operated, and administered at all relevant times in accordance with ERISA. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

**12.6**   Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (i) any act, omission, or

determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

12.7   Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Class Counsel shall provide the monitoring necessary to assure compliance with the Settlement Agreement and any action to enforce the Settlement Agreement during the Settlement Period without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

12.8   This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, California law.

12.9   Class Counsel, Defense Counsel, and the Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

12.9.1   If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

12.9.2   Within twenty-one (21) calendar days after receiving the notice described in Paragraph 12.9.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

Exhibit A

**12.9.3**   For a period of not more than twenty-one (21) calendar days following mailing of the response described in Paragraph 12.9.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**12.9.4**   If the dispute is not resolved during the period described in Paragraph 12.9.3, the Settling Parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

**12.9.5**   The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively. Accordingly, there shall be no discovery allowed in connection with mediation under Paragraphs 12.9.4, and no witnesses shall be presented or examined during the mediation. The Mediator will make his recommendation based solely on the papers, documents, testimony, and arguments of counsel presented to him.

**12.9.6**   In any mediation under Paragraphs 12.9.4, each Settling Party shall bear its own fees and costs.

**12.9.7**   If the dispute is not resolved through mediation, either Settling Party may request that the Court resolve the dispute.

**12.10**   The Settling Parties agree that the Court has personal jurisdiction over the Class and Defendants under ERISA and shall maintain that jurisdiction for purposes of resolving any disputes concerning compliance with this Settlement Agreement. Any requests for the Court's assistance to resolve any such disputes may be submitted to the Court and/or asserted in response to any claim asserting a violation of the Settlement Agreement pursuant to the terms of 12.9.  Any motion or action to enforce this Settlement Agreement may be filed in the U.S. District Court for the Central District of California, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

**12.11**   The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**12.12**   Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**12.13**   The headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement

Exhibit A

Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

12.14   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

12.15   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

12.16   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

12.17   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

12.18   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.  No party is relying on any oral representations or oral agreements.  No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.  This Settlement Agreement supersedes all prior negotiations and agreements.  The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.  All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

Exhibit A

**12.19**  All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Proposed Order Granting Preliminary Approval of Settlement; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Proposed Final Approval Order and Judgement; and Exhibit 6 – CAFA Notice.

**12.20**  No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**12.21**  The Parties to this Action or any other Released Parties shall have the right to file the Settlement Agreement and/or the Final Approval Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion and/or similar defense or counterclaim.

**12.22**  Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

**12.23**  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier:

IF TO THE CLASS REPRESENTATIVES:

Jerome J. Schlichter (jschlichter@uselaws.com)
Michael A. Wolff (mwolff@uselaws.com)
Joel D. Rohlf (jrohlf@uselaws.com)
Victoria C. St. Jean (vstjean@uselaws.com)

SCHLICHTER BOGARD & DENTON
100 South Fourth St., Suite 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-5934

Exhibit A

IF TO DEFENDANTS:

Christopher Chorba (cchorba@gibsondunn.com)
Heather Richardson (hrichardson@gibsondunn.com)

GIBSON DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
Fax: (213) 229-6409

[The rest of this page is intentionally left blank]

Exhibit A

ON BEHALF OF PLAINTIFFS, Allen Munro, Daniel Wheeler, Jane Singleton, Sarah Wohlgemuth, Rebecca Snyder, Dion Dickman, Corey Clark, and Steven Olson, Individually and as Representatives of the Class:

Dated: February 23, 2023

SCHLICHTER BOGARD & DENTON LLP

Jerome J. Schlichter
Michael A. Wolff
Joel D. Rohlf
Victoria C. St. Jean
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934

Attorneys for Plaintiffs and Class Representatives

Exhibit A

ON BEHALF OF DEFENDANTS, University of Southern California and USC Retirement Plan
Oversight Committee:


Dated: February 23, 2023


UNIVERSITY OF SOUTHERN CALIFORNIA

**Erik Brink** | SVP and CFO Interim
University of Southern California
Office of the Comptroller | Los Angeles, CA
Tel: (213) 740-4611 | Zoom: (213) 821-1932
ebrink@usc.edu

UNIVERSITY OF SOUTHERN CALIFORNIA

Exhibit A

**[INSERT SETTLEMENT ADMINISTRATOR]**
**[INSERT ADDRESS]**
**[INSERT WEBSITE]**

## FORMER PARTICIPANT CLAIM FORM

ABC1234567890

Claim Number: 1111111

**\*ABC1234567890\***

JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who did not have a plan account with a balance greater than $0 as of December 31, 2022.

This form must be completed, signed and filed electronically through the claims portal at **[INSERT]** by _____, 2023  or mailed with a postmark date no later than _____, 2023 to the Settlement Administrator in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2.  Mail your completed Former Participant Claim Form postmarked **no later than _____, 2023** to the Settlement Administrator at the following address:

    **[INSERT SETTLEMENT ADMINISTRATOR]**
    **[INSERT ADDRESS]**

    If you prefer to file your claim electronically, you may use the claims portal on the website **[INSERT]**.

    It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

    •   You must provide date of birth, signature and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

    •   If you desire to do a rollover and you do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to the Former Participant.

    •   If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

    •   **Timing Of Payments To  Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than late 2023 to early 2024 due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at **[INSERT]**. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, Settlement administration, and claim processing is available on the lawsuit website, **[INSERT]**.


Exhibit 1

You may be eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Munro v. University of Southern California*, Case No. 2:16-06191 (C.D. Cal.). That settlement provides allocation of monies to the individual accounts of Settlement Class Members who had plan accounts with a positive balance in the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan (collectively the "Plans") as of December 31, 2022 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who did not have a plan account with a positive balance as of December 31, 2022 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form postmarked no later than _____, 2023 to the Settlement Administrator. For more information about the Settlement, please see **[INSERT]**, or call **[INSERT]**.

Because you are a Former Participant (or beneficiary of a Former Participant) in the Plans, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form that is postmarked no later than _____, 2023 to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name                                                                    Middle      Last Name

Mailing Address

City                                                                                    State      Zip Code

Home Phone                                               Work Phone or Cell Phone

Participant's Social Security Number              Participant's Date of Birth

M M   D D   Y Y Y Y

Email Address

☐ Check here if you were a Former Participant but did not receive this Claim Form in the mail. This may be because you were a participant in the Plans only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                                           Middle      Last Name

Your Social Security Number or Tax ID Number         Your Date of Birth

M M   D D   Y Y Y Y

Your Mailing Address

City                                                                                    State      Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                    State    Zip Code

Account Number                                    Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

                                                                          M M      D D      Y Y Y Y

**Participant Signature**                                    **Date Signed** (*Required*)

NOTE: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

### QUESTIONS? VISIT: [INSERT], OR CALL [INSERT]

Exhibit 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

ALLEN MUNRO *et al.*,

                        *Plaintiffs*,

    v.

UNIVERSITY OF SOUTHERN CALIFORNIA *et al.*,

                        *Defendants*.

CASE NO. 2:16-cv-06191-VAP-E

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Exhibit 2

This litigation arises out of a class action alleging breaches of fiduciary duty and prohibited transactions against the University of Southern California and the USC Retirement Plan Oversight Committee ("Defendants") under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq*., with respect to their management, operation, and administration of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan (collectively the "Plans"). Defendants deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Settlement Class, and deny that the Settlement Class or the Plans have suffered any harm or damage for which Defendants could be held liable.

In their Joint Motion for Preliminary Approval of Class Settlement, the Parties seek preliminary approval of a settlement of the claims asserted. The terms of the Settlement are set out in a Class Action Settlement Agreement dated February 23, 2023, executed by the Settling Parties and their counsel.

The Court has considered the proposed Settlement under the standards of Federal Rule of Civil Procedure 23(e). For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

**1.     Preliminary Findings Regarding Proposed Settlement:**

The Court preliminarily finds that:

A.     The proposed settlement resulted from extensive arm's-length negotiations;

B.     The Settlement Agreement was executed only after Class Counsel had conducted extensive pre-settlement motion practice and discovery, and after negotiations, including in-person mediation sessions and numerous teleconference

Exhibit 2

1   mediation sessions and extensive telephonic and email communications with a

2   skilled mediator, and on the eve of trial;

3       C.      Class Counsel has concluded that the Settlement Agreement is fair,

4   reasonable and adequate; and

5       D.      The Settlement is sufficiently fair, reasonable, and adequate to

6   warrant sending notice of the Settlement to the Class.

7   **2.      Fairness Hearing:**

8       A hearing is scheduled at the United States District Court for the Central

9   District of California, Judge Virginia A. Phillips presiding, at _____ on

10  _____, 2023, (the "Fairness Hearing") (at least 120

11  days after entry of the preliminary approval order) to determine, among other

12  issues:

13          A.      Whether the Settlement Agreement should be approved as fair,

14          reasonable, and adequate;

15          B.      Whether the notice and notice methodology were performed as

16          directed by this Court;

17          C.      Whether the motion for attorneys' fees and costs to be filed by

18          Class Counsel should be approved;

19          D.      Whether the motion for compensation to Class Representatives

20          should be approved; and

21          E.      Whether the Administrative Expenses specified in the

22          Settlement Agreement and requested by the parties should be approved for

23          payment from the Settlement Fund.

24      The Motion for Final Approval of Class Settlement shall be due ten (10)

25  business days before the Fairness Hearing, modifying the twenty-eight (28) day

26  deadline for the filing of a noticed motion set forth in Local Rule 6-1.

27

28

Exhibit 2

**3.      Establishment of Qualified Settlement Fund:**

A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Munro, et al. v. University of Southern California* Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations §1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $13,050,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

A.      The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B.      Within the time period set forth in the Settlement Agreement, Defendants or their insurer(s) shall cause $13,050,000 to be deposited into the Settlement Fund.

C.      The Court directs the Settlement Administrator to provide the Settlement Notice, implement the Plan of Allocation, and otherwise assist in administration of the Settlement as set forth in the Settlement Agreement.

D.      Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii) and

Exhibit 2

shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund.

E.     Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

F.     The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

G.     The Gross Settlement Amount caused to be paid by the Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned

Exhibit 2

thereon shall immediately be returned to the entity(ies) that funded the Settlement Fund.

H.      The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.      The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

J.      The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

K.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund.

Exhibit 2

Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L.     The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund, and it shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

M.     The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

Exhibit 2

O.      The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state, and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

P.      This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require Defendants to make any further payment of any nature into the Settlement Fund or otherwise.

**4.      Class Notice:**

The Settling Parties have presented to the Court proposed forms of Class Notice for current and former participants, which are appended hereto as Exhibit 3 and Exhibit 4, respectively.

A.      The Court finds that the proposed forms and the website referenced in the Class Notice fairly and adequately:

i.   Describe the terms and effect of the Settlement Agreement and of the Settlement;

Exhibit 2

ii. Notify the Class concerning the proposed Plan of Allocation;

iii. Notify the Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

iv. Notify the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

v. Notify the Class of the time and place of the Fairness Hearing; and

vi. Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the parties to discovery concerning such objections.

B.     The Settling Parties have proposed the following manner of communicating the notice to members of the Class, and the Court finds that such proposed manner is reasonable under the circumstances, and directs that the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic mail to all Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of all Class Members for whom there is no current email address and for whom can be identified through commercially reasonable means. Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers of members of the Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained in accordance with this Order shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

- 8 -                    [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Exhibit 2

C.     For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number to attempt to determine the current address of the Class Member and shall mail notice to that address.

D.     At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E.     The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Class Notice to be published on the website identified in the Class Notice.

**5.     Objections to Settlement:**

Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in this Order.

A.     A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

Exhibit 2

1   Clerk of the Court

2   United States District Court for the Central District of California

3   First Street Courthouse, 6th Floor, 350 West 1st Street, Los Angeles, CA 90012

4

5   Jerome J. Schlichter (jschlichter@uselaws.com)

6   Michael A. Wolff (mwolff@uselaws.com)

7   Joel D. Rohlf (jrohlf@uselaws.com)

8   Victoria C. St. Jean (vstjean@uselaws.com)

9   SCHLICHTER BOGARD & DENTON

10  100 South Fourth St., Suite 1200

11  St. Louis, Missouri 63102

12  Tel: (314) 621-6115

13  Fax: (314) 621-5934

14

15  Christopher Chorba (cchorba@gibsondunn.com)

16  Heather Richardson (hrichardson@gibsondunn.com)

17  GIBSON, DUNN & CRUTCHER LLP

18  333 South Grand Avenue

19  Los Angeles, CA 90071

20  Tel: (213) 229-7000

21  Fax: (213) 229-7520

22

23       B.     The objector, or his, her, or its counsel (if any), must serve copies of

24  the objection(s) on the attorneys listed above and file it with the Court by no later

25  than thirty (30) days before the date of the Fairness Hearing.

26       C.     If an objector hires an attorney to represent him, her, or it for the

27  purposes of making such objection pursuant to this paragraph, the attorney must

28

Exhibit 2

serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

D.     Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.     Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection, and any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

F.     Any party wishing to file a response to an objection must do so and serve the response on all parties no later than five (5) days before the Fairness Hearing.

**6.     Appearance at Fairness Hearing:**

Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to

Exhibit 2

1   appear in accordance with this paragraph shall not be permitted to speak at the

2   Fairness Hearing.

3       **7.     Claim Form Deadline:**

4           All valid claim forms must be received by the Settlement Administrator with

5   a postmark date or submitted online no later than _____ (10 days

6   prior to the Final Fairness Hearing).

7       **8.     Service of Papers:**

8           Defense Counsel and Class Counsel shall promptly furnish each other with

9   copies of all objections that come into their possession.

10      **9.     Effect of Termination of Settlement on this Order:**

11          If the Settlement is terminated in accordance with the Settlement Agreement,

12  this Order shall become null and void, and shall be without prejudice to the rights

13  of the Settling Parties, all of whom shall be restored to their respective positions

14  existing the day before the Settlement Agreement Execution Date.

15      **10.    Use of Order:**

16          This Order shall not be construed or used as an admission, concession, or

17  declaration by or against Defendants of any fault, wrongdoing, breach, or liability,

18  or a waiver of any claims or defenses, including but not limited to those as to the

19  propriety of any amended pleadings or the propriety and scope of class

20  certification. This Order shall not be construed or used as an admission,

21  concession, or declaration by or against any named plaintiff, Class Representatives,

22  or the Settlement Class that their claims lack merit, or that the relief requested by

23  Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be

24  construed or used as a waiver by any party of any arguments, defenses, or claims

25  he, she, or it may have, including but not limited to any objections by Defendants

26  to class certification in the event that the Settlement Agreement is terminated.

27

28

Exhibit 2

**11.     Parallel Proceedings:**

Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plans are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

**12. Class Action Fairness Act Notice:**

The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

**13. Continuance of Hearing:**

The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office before the scheduled date of the Fairness Hearing.

SO ORDERED:

DATED:_____, 2023

_____

HON. VIRGINIA A. PHILLIPS

UNITED STATES DISTRICT JUDGE

Exhibit 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

|  |  |
|---|---|
| ALLEN L. MUNRO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and USC RETIREMENT PLAN OVERSIGHT COMMITTEE,<br><br>*Defendants.* | CASE NO. 2:16-cv-06191-VAP-E<br><br>**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**<br><br>Hon. Virginia A. Phillips |

**Your legal rights might be affected if you are a member of the following class:**

All participants and beneficiaries of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan from August 17, 2010 through December 31, 2022 (the "Class Period"), excluding the Defendants.

Please read this Notice carefully.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans against the University of Southern California and the USC Retirement Plan Oversight Committee ("Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement provides for the allocation of monies directly into the individual accounts of members of the Settlement Class who had Plan accounts recordkept by TIAA-CREF, Prudential Insurance Company of America, Fidelity Investments, or the Vanguard Group during the Class Period with a balance greater than $0 as of December 31, 2022 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2022 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 23, 2023. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at **[INSERT]**. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on _____ _____, 2023, at _____, before Judge Virginia A. Phillips in Courtroom 6A, United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012.

1

Exhibit 3

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at **[INSERT]**.

> **According to the Plans' records, you are a Current Participant. If you believe that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants currently employed at the University of Southern California and participants who are no longer employed by the University of Southern California but continue to have an account balance in the Plans.**

| **YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT:** | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Current Participant. If, however, you are a "Former Participant" who participated in the Plan during the Class Period and on December 31, 2022, did not have a balance greater than $0, or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked by _____, 2023 or completed online and filed electronically through the website **[INSERT]**, to receive a check or rollover for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by _____, 2023, or submitted electronically by _____, 2023, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing **[INSERT]**. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2023)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON _____, 2023** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by _____, 2023. |

### The Class Action

The case is called *Munro v. University of Southern California,* Case No. 16-6191 (the "Class Action"). It has been pending since August 2016. The Court supervising the case is the United States District Court for the Central District of California. The individuals who brought this suit are called Class Representatives, and the entities they sued are called the Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are the University of Southern California and the USC Retirement Plan Oversight Committee. The Class Representatives' claims are described below, and additional information about them is available at **[INSERT]**.

### The Settlement

After over six years of litigation, the parties reached a settlement on January 24, 2023. Class Counsel filed this action in August 2016. Since the filing of the action, Class Counsel devoted substantial time and effort to support the underlying claims. The parties participated in mediation and engaged in extensive settlement discussions with the assistance of a private mediator. For those claims that were not dismissed during pretrial proceedings,

Exhibit 3

they were scheduled to be tried beginning on January 24, 2023. Shortly before trial, the parties reached a tentative settlement on the claims.

As part of the Settlement, a Qualified Settlement Fund of $13,050,000 will be established to resolve the Class Action. The Net Settlement Amount is $13,050,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement Of Attorneys' Fees and Costs Sought in the Class Action**

Class Counsel devoted thousands of hours bringing this action, pursuing it for more than six years. Class Counsel defeated, in part, Defendants' motion to dismiss and obtained class certification over Defendants' opposition. In doing so, they advanced substantial costs for expert witnesses, document review, depositions, and other costs necessary to pursue the case. In total, Class Counsel have reviewed and analyzed over 1,260,000 pages of documents produced in this litigation. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending before the District Court. Class Counsel also has agreed to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,350,000.00 in addition to no more than $1,500,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for eight Class Representatives who took on the risk of litigation, sat for depositions, responded to discovery, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for depositions, preparing for trial, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, **[INSERT]**.

| **1.** | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because the University of Southern California's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| **2.** | **What Is The Class Action About?** |
|---|---|

In the Class Action, Class Representatives claim that, during the Class Period, the Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to their management, operation, and administration of the Plans, including causing the Plans to pay excessive recordkeeping fees and to include imprudent investments as Plan investment options.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible.

Exhibit 3

### 3.   Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, after more than six years of litigation, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel and multiple sessions with a private mediator. The Settlement only was reached shortly before the trial in this case. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are experienced in this kind of matter, believe that the Settlement is best for all Class Members.

### 4.   What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

All Class Members and anyone claiming through them will fully release the Plans as well as Defendants and their "Released Parties" from "Released Claims."   The Released Parties include: Defendants as well as all Defendants' current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individual entities acting on Defendants' behalf.

The Released Claims include any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the date of this Notice that are based on the facts alleged in the Operative Complaint in the Class Action or that would be barred by the principles of res judicata or collateral estoppel had the claims been asserted in the Operative Complaint.

The actual governing release is found within the Settlement Agreement at **[INSERT]**. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at **[INSERT]**.

### 5.   How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeepers (TIAA-CREF, Prudential Insurance Company of America, Fidelity Investments, or the Vanguard Group), or, if on December 31, 2022, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked or submitted electronically by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator as follows:

1. The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;

4

Exhibit 3

2.  All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

3.  An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan or took a full distribution during the quarter);

4.  For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;

5.  Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at **[INSERT]**.

There are thousands of Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

| 6.   How Can I Receive My Distribution? |
| --- |

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the University of Southern California's records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement. NOTE that if you withdraw your savings from the Plans in full, you will receive your settlement share by check with taxes withheld. This may have tax consequences that you should discuss with your tax advisor.**

| 7.   When Will I Receive My Distribution? |
| --- |

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will likely not occur before late 2023 to early 2024.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

| 8.   Can I Get Out Of The Settlement? |
| --- |

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| 9.   Do I Have A Lawyer In The Case? |
| --- |

The Court has appointed the law firm Schlichter Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 10.  How Will The Lawyers Be Paid? |
| --- |

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $4,350,000.00 in fees and $1,500,000 in costs. The Court will determine what fees and costs will be approved.

Exhibit 3

**11.  How Do I Tell The Court If I Don't Like The Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Munro v. University of Southern California*, Case No. 16-6191. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than _____, 2023. The Court's address is Clerk of the Court, United States District Court, Central District of California, 350 West 1st Street, Los Angeles, CA 90012. Your written objection also must be mailed to the lawyers listed below, **no later than _____, 2023.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Jerome J. Schlichter (jschlichter@uselaws.com) | Christopher Chorba (cchorba@gibsondunn.com) |
| Michael A. Wolff (mwolff@uselaws.com) | Heather Richardson (hrichardson@gibsondunn.com) |
| Joel D. Rohlf (jrohlf@uselaws.com) | GIBSON, DUNN & CRUTCHER LLP |
| Victoria C. St. Jean (vstjean@uselaws.com) | Attn: University of Southern California 403(b) Settlement |
| SCHLICHTER, BOGARD & DENTON | 333 South Grand Avenue |
| Attn: University of Southern California 403(b) Settlement | Los Angeles, CA 90071 |
| 100 S. Fourth St., Suite 1200 | Tel: (213) 229-7000 |
| St. Louis, MO 63102 | Fax: (213) 229-7520 |
| Tel: (314) 621-6115 | |
| Fax: (314) 621-5934 | |

**12.  When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at _____ on _____, 2023, at the United States District Court for the Central District of California, Courtroom 6A, 350 West 1st Street, Los Angeles, CA 90012.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**13.  Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. If you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**14.  May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Munro v. University of Southern California*, Case No. 16-6191." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than _____ _____, 2023**.

**15.  What Happens If I Do Nothing At All?**

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

Exhibit 3

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY.

**16.  How Do I Get More Information?**

If you have general questions regarding the Settlement, you can visit this website:  **[INSERT]**, call **[INSERT]**, or write to the **[INSERT SETTLEMENT ADMINISTRATOR]** at, **[INSERT]**.

Exhibit 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALLEN L. MUNRO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and USC RETIREMENT PLAN OVERSIGHT COMMITTEE,<br><br>*Defendants.* | CASE NO. 2:16-cv-06191-VAP-E<br><br>**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**<br><br>Hon. Virginia A. Phillips |

**Your legal rights might be affected if you are a member of the following class:**

All participants and beneficiaries of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan (collectively, the "Plans") from August 17, 2010 through December 31, 2022 (the "Class Period"), excluding the Defendants. If you are a Class Member, and this Settlement is finally approved by the Court, your legal rights are affected whether you do or do not act. Please read this Notice carefully.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans against the University of Southern California and the USC Retirement Plan Oversight Committee ("Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement provides for the allocation of monies directly into the individual accounts of members of the Settlement Class who had Plan accounts recordkept by TIAA-CREF, Prudential Insurance Company of America, Fidelity Investments, or the Vanguard Group during the Class Period with a balance greater than $0 as of December 31, 2022 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2022 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 23, 2023. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at **[INSERT]**. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on _____ _____, 2023, at _____, before Judge Virginia A. Phillips in Courtroom 6A, United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012.

1

Exhibit 4

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at **[INSERT]**.

> **According to the Plans' records, you are a Former Participant. If you believe instead that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance greater than $0 as of December 31, 2022.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY          , 2023 TO PARTICIPATE IN THE SETTLEMENT** | The Plan's records indicate that you are a Former Participant. You must return a Former Participant Claim Form that is postmarked by          , 2023, or completed online and filed electronically through the website **[INSERT]**, in order to receive a check or rollover for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by          , 2023, or submitted electronically by          , 2023, you will forfeit your share of the Net Settlement Amount. A claim form also can be obtained by accessing **[INSERT]**. |
| **YOU CAN OBJECT (NO LATER THAN          , 2023)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON          , 2023** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by          , 2023. |

### The Class Action

The case is called *Munro v. University of Southern California*, Case No. 16-6191 (the "Class Action"). It has been pending since August 2016. The Court supervising the case is the United States District Court for the Central District of California. The individuals who brought this suit are called Class Representatives, and the entities they sued are called the Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are the University of Southern California and the USC Retirement Plan Oversight Committee. The Class Representatives' claims are described below, and additional information about them is available at **[INSERT]**.

### The Settlement

After over six years of litigation, the parties reached a settlement on January 24, 2023. Class Counsel filed this action in August 2016. Since the filing of the action, Class Counsel devoted substantial time and effort to support the underlying claims. The parties participated in mediation and engaged in extensive settlement discussions with the assistance of a private mediator. For those claims that were not dismissed during pretrial proceedings, they were scheduled to be tried beginning on January 24, 2022. Shortly before trial, the parties reached a tentative settlement on the claims.

As part of the Settlement, a Qualified Settlement Fund of $13,050,000 will be established to resolve the Class Action. The Net Settlement Amount is $13,050,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

2

Exhibit 4

**Statement Of Attorneys' Fees and Costs Sought in the Class Action**

Class Counsel devoted thousands of hours bringing this action, pursuing it for more than six years. Class Counsel defeated, in part, Defendants' motion to dismiss and obtained class certification over Defendants' opposition. In doing so, they advanced substantial costs for expert witnesses, document review, depositions, and other costs necessary to pursue the case. In total, Class Counsel have reviewed and analyzed over 1,260,000 pages of documents produced in this litigation. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending before the District Court. Class Counsel also has agreed to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,350,000.00 in addition to no more than $1,500,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for eight Class Representatives who took on the risk of litigation, sat for depositions, responded to discovery, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for depositions, preparing for trial, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, **[INSERT]**.

**1.   Why Did I Receive This Settlement Notice?**

The Court caused this Settlement Notice to be sent to you because the University of Southern California's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

**2.   What Is The Class Action About?**

In the Class Action, Class Representatives claim that, during the Class Period, the Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to their management, operation, and administration of the Plans, including causing the Plans to pay excessive recordkeeping fees and to include imprudent investments as Plan investment options.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible.

**3.   Why Is There A Settlement?**

The Court has not reached a final decision as to the Class Representatives' claims. Instead, after more than six years of litigation, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel and multiple sessions with a private mediator. The Settlement only was reached shortly before the trial in this case. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are experienced in this kind of matter, believe that the Settlement is best for all Class Members.

Exhibit 4

| **4.   What Does The Settlement Provide?** |
|---|

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

All Class Members and anyone claiming through them will fully release the Plans as well as Defendants and their "Released Parties" from "Released Claims." The Released Parties include Defendants as well as all Defendants' current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individual entities acting on Defendants' behalf.

The Released Claims include any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the date of this Notice that are based on the facts alleged in the Operative Complaint in the Class Action or that would be barred by the principles of res judicata or collateral estoppel had the claims been asserted in the Operative Complaint.

The actual governing release is found within the Settlement Agreement at **[INSERT]**. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at **[INSERT]**.

| **5.   How Much Will My Distribution Be?** |
|---|

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeepers (TIAA-CREF, Prudential Insurance Company of America, Fidelity Investments, or the Vanguard Group), or, if on December 31, 2022, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked or submitted electronically by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator as follows:

1. The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;

2. All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

3. An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan or took a full distribution during the quarter);

Exhibit 4

4. For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;

5. Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at **[INSERT]**.

There are thousands of Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

### 6.   How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the University of Southern California's records, you are a Former Participant. Therefore, you need to return your Claim Form or submit your claim online to receive your share of the Settlement.**

### 7.   When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will likely not occur before late 2023 to early 2024.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

### 8.   Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

### 9.   Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $4,350,000.00 in fees and $1,500,000 in costs. The Court will determine what fees and costs will be approved.

### 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Munro v. University of Southern California*, Case No. 16-6191. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than _____, 2023. The Court's address is Clerk of the Court, United States District Court, Central District of California, 350 1st Street, Los Angeles, CA 90012. Your written objection also must be mailed to the lawyers listed below, **no later than _____, 2023.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the

5

Exhibit 4

litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Jerome J. Schlichter (jschlichter@uselaws.com)<br>Michael A. Wolff (mwolff@uselaws.com)<br>Joel D. Rohlf (jrohlf@uselaws.com)<br>Victoria C. St. Jean (vstjean@uselaws.com)<br>SCHLICHTER BOGARD & DENTON<br>Attn: University of Southern California 403(b) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | Christopher Chorba (cchorba@gibsondunn.com)<br>Heather Richardson (hrichardson@gibsondunn.com)<br>GIBSON, DUNN & CRUTCHER LLP<br>Attn: University of Southern California 403(b) Settlement<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel: (213) 229-7000<br>Fax: (213) 229-7520 |

### 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at _____. on _____, 2023, at the United States District Court for the Central District of California, Courtroom 6A, 350 1st Street, Los Angeles, CA 90012.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

### 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. If you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Munro v. University of Southern California*, Case No. 16-6191." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than _____ _____, 2023**.

### 15. What Happens If I Do Nothing At All?

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL NOT RECEIVE ANY MONEY.

### 16. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website: **[INSERT]**, call **[INSERT]**, or write to the **[INSERT SETTLEMENT ADMINISTRATOR]** at **[INSERT]**.

Exhibit 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

ALLEN MUNRO *et al.*,

        *Plaintiffs*,

  v.

UNIVERSITY OF SOUTHERN CALIFORNIA *et al.*,

        *Defendants*.

CASE NO. 2:16-cv-06191-VAP-E

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

Exhibit 5

Upon consideration of the Joint Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Class Action Settlement Agreement dated February 23, 2023, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

In accordance with the Court's Order Granting Preliminary Approval, Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by the Settlement Administrator. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

Each and every objection to the Settlement is overruled with prejudice.

The Motion for Final Approval of the Settlement Agreement is hereby

Exhibit 5

**GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

The Plans, the Class Representatives, and the Class Members (and their respective heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf) hereby, fully, finally, and forever settle, release, relinquish, waive, and discharge the Released Parties (including Defendants) from the Released Claims (as defined in Article 8 of the Settlement Agreement), whether or not such Class Member receives a monetary benefit from the settlement, whether or not such Class Member has executed and delivered a Former Participant Claim Form, whether or not such Class Member has filed an objection to the Settlement or to any application by Class Counsel and/or Other Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member has been approved or allowed. The Class Representatives, the Class Members, and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement

Exhibit 5

Agreement in accordance with the procedures set forth in the Settlement Agreement.

The Class Representatives, Class Members, and the Plans hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have under any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party."

Class Counsel, the Class Representatives, the Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, each Class Member, and the Plans has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims  (as defined in Article 8 of the Settlement Agreement). The Released Claims include known and unknown claims based on the facts alleged in the Operative Complaint in the Action or that would be barred by the principles of res judicata or collateral estoppel had the claims been asserted in the Operative Complaint, including all rights of allocation thereunder. The Class Representatives, Class Members, and the Plans have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

Exhibit 5

1    The Court finds that it has subject matter jurisdiction over the claims herein
2    and personal jurisdiction over Class Members herein pursuant to the provisions of
3    ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final
4    Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through
5    12 of this Final Order or the Settlement Agreement, including by way of
6    injunction, may be filed in this Court, and the provisions of the Settlement
7    Agreement and/or this Final Order may also be asserted by way of an affirmative
8    defense or counterclaim in response to any action that is asserted to violate the
9    Settlement Agreement.

10    Each Class Member shall hold harmless Defendants, Defense Counsel, and
11    the Released Parties for any claims, liabilities, attorneys' fees and expenses arising
12    from the allocation of the Gross Settlement Amount or Net Settlement Amount and
13    for all tax liability and associated penalties and interest as well as related attorneys'
14    fees and expenses.

15    The Settlement Administrator shall have final authority to determine the
16    share of the Net Settlement Amount to be allocated to each Current Participant and
17    each Authorized Former Participant.

18    With respect to payments or distributions to Authorized Former Participants,
19    all questions not resolved by the Settlement Agreement shall be resolved by the
20    Settlement Administrator in its sole and exclusive discretion.

21    With respect to any matters that arise concerning the implementation of
22    distributions to Current Participants (after allocation decisions have been made by
23    the Settlement Administrator in its sole discretion), all questions not resolved by
24    the Settlement Agreement shall be resolved by the Plan administrator or other
25    fiduciaries of the Plans in accordance with applicable law and the governing terms
26    of the Plans.

27    Within three (3) calendar days following the issuance of all settlement
28    payments to Class Members, the Settlement Administrator shall prepare and

Exhibit 5

1  provide to Class Counsel and Defense Counsel a list of each person who was

2  issued a settlement payment and the amount of such payment.

3        Upon entry of this Order, all Class Members shall be bound by the

4  Settlement Agreement (including any amendments) and by this Final Order.

5

6        **SO ORDERED:**

7        DATED: _____, 2023

8

9                                    HON. VIRGINIA A. PHILLIPS
                                     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 5

[INSERT DATE]

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re:   *Munro v. University of Southern California*,
      Case No. 16-cv-6191, (C.D.Cal.), Notice Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

[Settlement Administrator], an independent claim administrator, on behalf of Defendants the University of Southern California and the USC Retirement Plan Oversight Committee (collectively "USC" or "Defendants") hereby provide this Notice of a Proposed Class Action Settlement in the above-referenced class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The proposed settlement will resolve the claims in the Complaint in this action.

This class action lawsuit asserts ERISA claims based on Defendants' fiduciary oversight of the University of Southern California Defined Contribution Retirement Plan and the University of Southern California Tax-Deferred Annuity Plan (the "Plans").  Defendants strongly dispute those claims.  The parties have agreed to settle the lawsuit to avoid the expenses, uncertainties, distractions, and other risks inherent in further litigation.  The proposed settlement class consists of all participants and beneficiaries of the Plans from August 17, 2010 through December 31, 2022, excluding the members of the Retirement Plan Oversight Committee.

As required by 28 U.S.C. § 1715(b), we enclose a CD containing the following materials related to the proposed settlement:

**Gibson, Dunn & Crutcher**

333 South Grand Avenue
Los Angeles, CA 90071

Exhibit 6

[Addressee]
[Date]
Page 2

**(1)     The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Class Action Complaint, Amended Complaint, and Second Amended Complaint filed in the *Munro v. University of Southern California* case can be found on the enclosed CD as "Exhibit 1- Munro Complaints."

**(2)     Notice of any scheduled judicial hearing in the class action.**

The Parties filed their Joint Motion for Preliminary Approval of Class Settlement on February 23, 2023 and requested that the Motion be heard on March 27, 2023. The Court has not yet scheduled a fairness hearing regarding the settlement.  Once the Court sets a hearing date, such date(s) can be found on PACER as follows: (1) enter PACER through https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl, (2) click the "Document Filing System" link, (3) click on "Query,"  (4) enter the civil case number, 16-cv-6191, (5) click on "Run Query," and (6) click on the link "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket entry sheet.

**(3)     Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)     Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for the defendants.

**(5)     A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows:  (1) enter PACER through https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl, (2) click the "Document Filing System" link, (3) click on "Query,"  (4) enter the civil case number, 16-cv-6191, (5) click on "Run Query," and (6) click on the link "Docket Report." The order(s) entering final judgment will be found on the docket entry sheet.

Exhibit 6

[Addressee]
[Date]
Page 3

**(6)     Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the names of Class Members who reside in your state.  The specific settlement allocation to each Class Member will be determined by a Settlement Administrator appointed by the Court.  As a result, we do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Class Members who reside in each state to the entire settlement.  Upon final approval of the Court, the settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

**(7)     Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in sections (3) through (5).  Upon entry, a copy of said Order or opinion can be found online through the process described in section (5) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment, as well as any additional materials relating to the proposed settlement including those filed after service of this Notice, can be found online through the process described in section (5) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,




Enclosures

Exhibit 6